GENERAL COURT, OCTOBER TERM, 1800.

CARROLL, *et al.* Lessee, *vs.* E. & S. NORWOOD.

A tenant in common of an undivided tract of land cannot convey his moiety by courses and distances.

A deed for part of a tract of land cannot be read in evidence if defence is taken on warrant, unless such deed, and the courses therein described, are located on the plots.

EJECTMENT, with seven separate demises, for a tract of land called *Yates his Forbearance,* lying in Baltimore county. The defendants took defence on warrant, and plots were made.

The plaintiff at the trial, offered in evidence to the jury a deed from *George Yates* to *John Israel,* dated the 5th of July 1712, for a *moiety* of the tract of land for which the ejectment was brought, which moiety was described in the said deed by courses and distances. The whole of which said tract had been devised to the said *George Yates,* and one *John Yates,* in fee, as tenants in common.

*Ridgely* and *Mason,* for the defendants, objected to the said deed being given in evidence to the jury, because as it conveyed only a moiety of the tract of land, the said moiety ought to have been delineated on the plots returned in the cause.

*Martin,* (Attorney General,) and *Key,* for the plaintiff, contended, that as the plaintiff was in possession of the whole tract under sundry conveyances, &c. which were produced, it was unnecessary to locate upon the plots a part of the said tract conveyed by any particular deed, although such deed may describe the same by courses and distances.

CHASE, Ch. J. Can a tenant in common of an undivided tract of land convey his moiety, describing the same by courses and distances? No. But if there had been a division, and he conveys by expressions, the deed must be located on the plots.

On motion of the plaintiff's counsel, leave was given by the court to amend the plots; for which purpose a juror was withdrawn, &c. and the cause continued until next term, on payment of the costs of this term by the plaintiff.