Holmes v. McGee.

——————

HOLMES, Plaintiff in Error, v. McGEE, Defendant in Error.

1. In an action for partition the plaintiff alleged that himself and defendant were joint owners of a certain tract of land; that they were "equal partners" in the same; that the said tract had been divided into town lots, a part of which had been sold; that the residue of the lots were the joint property of the plaintiff and defendant; and prayed for partition of said remaining lots. The court sustained a demurrer to this petition. *Held*, that the demurrer was improperly sustained; that if the plaintiff and defendant held the land as partners and the affairs of the partnership were unadjusted, the land being chargeable with debts of the firm, or with a balance due the defendant, this matter should be set up in an answer; that, no such defence being interposed, partition might be made of the lots remaining unsold.

*Error to Kansas Court of Common Pleas.*

*E. B. Ewing*, for plaintiff in error.

I. No facts are averred in the petition showing a partnership between the parties to the suit. The words "equal partners" denote the share or extent of interest of each of the parties. If the land is partnership property, it still may be partitioned. The legal title is vested in plaintiff and defendant jointly.

*Hovey*, for defendant in error.

I. The plaintiff seeks to convert a regular petition for account and settlement of a partnership transaction into a statutory action for partition. The petition gives no description of the "premises sought to be divided." (R. C. 1855, p. 1111, § 3.)

RICHARDSON, Judge, delivered the opinion of the court.

This was a proceeding for partition. The petition states that the plaintiff and defendant are the joint owners of a tract of forty acres of land, conveyed to them by Riddlesberger, and that they are "equal partners" in the same, that the tract had been subdivided into town lots, a designated number of which had been sold ; and that the residue of the lots were the joint property of the plaintiff and defendant, of which partition was asked. A demurrer was filed and sustained on the ground that it appeared from the petition that the parties were partners in the land, and it was not averred that the partnership had been dissolved or that the partnership debts had been paid; and also because the land having been laid off into lots, blocks and streets, the plaintiff had no right to partition of the original tract.

If the land was partnership property, it would be treated as between the partners like personal property, chargeable with the debts of the firm and with any balance due from one to the other upon the winding up of the affairs of the firm ; (Carlisle's Adm'r v. Mulhern, 16 Mo. 56 ; Duhring v. Duhring, 20 Mo. 174 ;) and the plaintiff could not by a partition proceeding deprive the defendant of any equitable liens so long as a balance remained due to him or the partnership debts were unpaid. But if all the partnership debts had been paid, and the equitable claims of the parties had been adjusted, there is no reason why the land, though originally partnership property, should not be treated as real estate and subject to all the ordinary incidents of land held by tenants in common.

The expression in the petition " equal partners" does not seem to have been used in a technical sense for the purpose of describing the nature of the title by which the land was held, but as indicating the extent of the interest of the parties ; and that expression is not sufficient of itself to authorize the legal conclusion that the plaintiff and defendant were partners, or that they held the property as such.    The defendant ought to have answered, setting out all the facts from which it could have been determined whether the plaintiff was entitled to partition.

If the land had been laid off into town lots, of course only those remaining unsold could have been divided, and the partition would have been made in reference to the subdivisions and not according to the original tract.

Judge Scott concurring, the judgment will be reversed and the cause remanded.    Judge Napton absent.