JOHN L. BERNECKER, Respondent, *v.* WENDELIN MILLER and MARTIN MILLER, Appellants.

*Forcible Entry and Detainer—Possession—Tenants in Common—Ejectment.—* The possession of one tenant in common is the possession of all. Where two are in possession together, and one only is turned out, and the other still remains, his possession is for his co-tenant as well as himself—Garrison v. Savignac, 25 Mo. 47.

*Appeal from St. Louis Circuit Court.*

The court gave the following instruction for the plaintiff, which was excepted to :

"If the jury believe from the evidence that the plaintiff by his servant was in possession of the premises, and the defendants, by threats, words or actions calculated to excite fear and apprehension of danger, entered upon the premises in question, or any part thereof, and turned the complainant or his servant out, then the defendants are guilty of forcible entry and detainer."

The defendants asked the following instruction, which was refused and excepted to :

"On the evidence, the plaintiff cannot recover against Martin Miller."

The following instruction was given for defendants :

"Unless the plaintiff shows by proof an actual possession in himself, or by his servant or agent, prior to the filing of this writ, he cannot recover."

On its own motion, the court gave the following :

"Unless the defendant Martin Miller, at the time the sheriff executed the writ of possession, was in possession of part of the premises (if he was in such part possession) as the servant or agent of the defendant Wendelin, the jury cannot find a verdict against Martin."

The verdict of the jury was against the defendants.

*P. C. Morehead,* for appellants.

*R. S. McDonald,* for respondent.

HOLMES, Judge, delivered the opinion of the court.

This was an action of forcible entry and detainer. It appears that the defendants had been in possession of the premises together as heirs and tenants in common; that Wendelin Miller (who held by right of his wife) had taken a lease from the plaintiff, who was not in any actual possession of the premises at the time, which included these premises (as Wendelin says, by mistake in the description, of which he knew nothing, not being able to read English); and at the expiration of this lease the plaintiff sued him and obtained a writ of possession against him, which was executed by the sheriff by putting out Wendelin and his family, leaving Martin Miller in possession as before. There was nothing to show that either one of these tenants in common had the exclusive possession more than the other. After being put out, Wendelin and his family returned into the house, where Martin still remained.

This action is brought against both Wendelin and Martin, and is founded upon the idea that the plaintiff, by turning out Wendelin, had obtained the exclusive possession of the premises. But the sheriff did not turn out Martin because his writ did not name him, and there was no re-entry by him upon any possession of the plaintiff. The plaintiff, being a witness, said that Martin was a hired man and a servant of Wendelin. Wendelin Miller testified that Martin occupied the premises before he went there, and continued to occupy a room in the house, not as his servant.

The court left it to the jury to say whether or not Martin was in possession only as the servant of Wendelin, and the jury found for the plaintiff.

The defendant asked the court to instruct the jury, that, on the evidence, the plaintiff was not entitled to recover against Martin. This instruction was refused. We think the instruction should have been given. Martin was in possession as one of the tenants in common; he had not been dispossessed by the sheriff; he had not made any forcible entry upon any possession of the plaintiff. That he may

have been a hired man to do work for Wendelin, or may have been his servant otherwise, was not conclusive of his right to the possession of the premises. The possession of one tenant in common is the possession of all. Where two are in possession together, and one only is turned out, and the other still remains, his possession is still that of the other also as well as his own. We are inclined to think the case came within the decision in Garrison v. Savignac, 25 Mo. 47, and that there was error in refusing the defendant's instruction.

Judgment reversed, and the cause remanded. The other judges concur.