Bernecker v. Miller et al.

JOHN L. BERNECKER, Respondent, *v.* WENDELIN MILLER and MARTIN MILLER, Appellants.

1. *Practice, Civil — Cotemporary suits in different courts, effect of.*—A. sued B., with other defendants, for partition of certain lands. Afterward, before the first suit was determined, B. brought suit in another court against the other defendants for the partition of the same lands, without joining A. in the suits; and a judgment was had in this second suit, a sale made, and a sheriff's deed of the land executed. In a subsequent trial, in a different action, an attempt was made to impeach the judgment in the second suit, and the sheriff's deed, on account of the pendency of the previous action. *Held,* that in the third action the proceedings in the second suit could not be treated as void because of the pendency of the first. It was the duty of the defendants in such second suit, when properly served, if they objected to answering in the courts, to have pleaded in abatement the proceeding pending in the other court. This is the universal practice. There may be circumstances which would authorize the double proceeding, and the matter should be brought to the attention of the court by plea, that it may pass upon the preliminary question before proceeding to final judgment.

2. *Practice, Civil — Collateral judgments, impeachment of.*—A judgment can not be impeached collaterally for its defects. Such judgment and its recitals must be treated as correct until reversed.

3. *Practice, Civil — Parties — Minor defendant.*—Where a defendant in a suit is a minor at the time of the service of the summons, but the record shows that she appears by counsel, and she becomes of full age before judgment is taken, the judgment is not void because of her minority at the time of service.

4. *Practice, Civil — Trials — Fraud — False entry on record — Judgment — Presumptions.*—If the court is so imposed upon as to suffer a false entry of appearance by a defendant to be made, when the defendant neither appeared, nor suffered any one to appear for him; if from defendant's want of know-·ledge of the English language, and his general ignorance of what was progressing or of its effects, he was actually deceived by the plaintiff, and by his acts was induced to lie idle, and suffered injury in consequence, it is a fraud in fact, which, if made to appear in a proper way, would destroy any rights which plaintiff may have acquired from his legal proceedings. But courts will not assume that such frauds are practiced, and will not find them unless upon proper issues and clear proofs.

*Appeal from St. Louis Circuit Court.*

In 1835 Morgan Lich owned and occupied forty acres of land, the west half of the east half of the northeast quarter of section seven, township forty-five north, range six east — the same here sued for. Frederick Clouse owned the east half of said eighty

acres at said time.   Morgan Lich was in possession of the west half of said eighty acres from 1835 until his death, in 1850 ; and the widow and heirs continued in possession until her death, in February, 1862, and the heirs have been in possession ever since. Clouse was in possession of the east half of said eighty acres the same length of time.   Morgan Lich had no interest in the east half, and Clouse had no interest in the west half.   John Bernecker's wife was a daughter of Morgan Lich.   One Peterson and wife, and one Ladue, brought their suit in partition for three-eighths. of these eighty acres, against Clouse and the heirs of Morgan Lich, to the October term, 1858, of the Land Court. Bernecker and wife were parties to said suit, she being an heir of Morgan Lich.   Afterward, before said suit was reached for trial, Bernecker and wife brought their suit for partition, against Lich's heirs and Clouse, of said eighty acres.   Peterson and wife and Ladue were not made parties.   The suit was brought in the St. Louis Court of Common Pleas, at the November term, 1859.   They obtained judgment for partition of the eighty acres before the Peterson case was reached for trial.   The east half was assigned to Clouse, and the west half ordered to be sold. Bernecker was the purchaser, at five dollars per acre, and obtained the sheriff's deed.   Mrs. Wendelin Miller was under age when the petition was filed, but was of age when the judgment was taken.   Morgan Lich left seven heirs.   Afterward the Peterson case, in the Land Court, was tried and consummated to a judgment for partition for three-eighths of the eighty acres. The west half, on the petition of Bernecker, was assigned to him on his sheriff's deed without any consent of Lich's heirs, who were parties.   The east half was ordered to be sold, and purchased by Bernecker.   All the interest of Peterson and Ladue (three-eighths) was concentrated in the east half.;

The plaintiff read in evidence, and relied upon for title, his sheriff's deed.   He also read in evidence a deed from Clouse, and sheriff's deed for the east half, and a lease (objected to) to Miller of the eighty acres for two years, dated April 26, 1862. Defendants paid the rent, but refused to give up the west half at the expiration of the term.   Plaintiff sued them, and the sheriff put

him in possession on the 18th of May, 1866. He did not turn out Martin Miller. Wendelin Miller afterward came back into the possession.

The defendants then asked the following instructions, which were refused:

1. If William D. Peterson and wife and P. A. Ladue filed their suit for partition in the St. Louis Land Court, against Frederick Clouse and the widow and heirs of Morgan Lich, for partition of the whole tract of eighty acres, and obtained judgment therein for three-eighths thereof, and the said John L. Bernecker and wife, pending said suit, and before said judgment, filed their suit for partition, in the whole tract of eighty acres, against the widow and heirs of said Morgan Lich, in the St. Louis Court of Common Pleas, with notice of the pendency of said suit of Peterson and others, and were parties to the same, and said Peterson and wife and said Ladue were not parties to said suit in said Common Pleas Court, and Elizabeth Lich, one of the defendants, was under the age of twenty-one when said suit was filed, and no guardian *ad litem* appointed for her, and Bernecker and wife obtained judgment and order of sale before the trial of said case of Peterson and others, and obtained the sheriff's deed for the west half of said eighty acres at five dollars per acre, then said sheriff's deed is invalid as to the rights of said Morgan Lich's heirs, and absolutely null and void.

2. If the said Bernecker and wife filed their suit in said Common Pleas Court, for partition of the whole tract of eighty acres, against the widow and heirs of Morgan Lich, and against said Frederick Clouse, as detailed in instruction No. 1, and in their petition, by the allegations and prayers thereof, claimed and alleged that the heirs of the said Morgan Lich were entitled to the undivided half of the whole tract of eighty acres, and Frederick Clouse to the undivided half thereof, and the said Clouse owned exclusively the east half thereof, and the heirs of Morgan Lich owned exclusively the west half thereof, then said suit was limited, as to Morgan Lich's heirs, to one-half of the west half of said eighty acres, and a judgment rendered on said petition, inconsistent with this proposition, is not only null and void in itself

as to one-half of the west half of said eighty acres, but, with the facts detailed in instruction No. 1, wholly null and void, and the title acquired by said Bernecker, through said judgment in said partition suit in the St. Louis Court of Common Pleas, to the west half of said eighty acres, inures to the heirs of said Morgan Lich, as in the nature of a trust.

*P. C. Morehead,* for appellants.

I. The judgment rendered in the Court of Common Pleas was void. If a judgment is rendered for land not claimed or set out in the petition, it is a nullity. Where a suit was already pending in the Land Court, between the same parties, for a partition of the same land, the plaintiffs in the Common Pleas Court being parties, and the plaintiffs in the first suit were not parties in the last suit, as required by statute, there was a want of jurisdiction.

According to the evidence in this case, Morgan Lich's heirs had no interest in the east half of the eighty acres, and Frederick Clouse had no interest in the west half. They owned and occupied their respective tracts over thirty years, separated by a fence.

Bernecker's suit in the Common Pleas Court was for partition of the whole eighty acres, claiming for Lich's heirs the undivided half, and leaving twenty acres in the west half unaffected by the suit. (24 Mo. 385; 34 Mo. 194; 2 How. 43; R. C. 1855, p. 1111, § 3.)

II. The plaintiff could only recover on his own evidence. He rested the case solely on his sheriff's deed, through which he acquired no title, because the title was tied up — it might be said, vested in the Peterson case. The bare evidence gave no strength to his title on the deed. It is irrelevant, containing separate issues, and requiring a different suit. (40 Mo. 473.)

Here the courts had concurrent jurisdiction—the first taking cognizance of the same matter retained the entire jurisdiction to final judgment, and consent or confession could not confer it on another. But this jurisdiction must be limited strictly to the matters contained in the petition. (1 Strob. 1; 1 Md. Ch. 3, 351; 2 How. 43; 3 Ohio, 373; 4 McCl. 233; 13 Ill. 432; 2 Greene, Iowa, 374; 3 McCord, 280; 3 Caines, 129.)

Wendelin Miller and Martin Miller are both defendants. There is no evidence whatever in the case affecting the rights of Martin Miller; he was in possession ten years; the answer says Mrs. Wendelin Miller, who is not sued, was in possession with her husband in her own right as to one-seventh. She was under age when Bernecker's partition suit was filed, but of age when the writ was served. Nevertheless, she has been in possession since the death of her father in 1850, and her husband with her since 1856.

*R. S. McDonald*, for respondent.

I. All parties had full notice. Elizabeth, wife of the appellant Wendelin Miller, lacked six days of being twenty-one years of age when served, but was of age when she appeared in court. A guardian *ad litem* could not have been appointed.

II. The sheriff's deed in evidence conveyed to respondent on the 17th of December, 1860, all the title to the land in question which the heirs of Morgan Lich ever had.

III. In 1862, long after Bernecker had purchased this property, with a full knowledge of all the particulars, Wendelin Miller becomes the tenant of Bernecker for the whole tract of eighty acres for two years, and paid the rent during that time. After the determination of the lease Miller held over, and Bernecker brought suit of unlawful detainer, and obtained a writ of restitution, and Wendelin was turned out and Bernecker placed in possession. On the same day Miller re-enters, and still remains in possession. How can the possession of Miller be continuous, when for two years he was Bernecker's tenant under written lease, and was once dispossessed by the sheriff? If the east half of the tract alluded to in the evidence has any bearing on the case, then the respondent's title is still more complete. If Clouse had a title, his deed to Bernecker passed the same. If Peterson and Ladue had an interest, the partition sale and sheriff's deed to Bernecker passed their title. Thus every interest, whether real or imaginary, was purchased by Bernecker. All titles in either tract center in Bernecker, and are his by every legal right. The record of the partition suit of Peterson *et al.* v. Clouse

*et al.*, offered in evidence by appellant, showed that an agreement was made between counsel representing all parties, that a decree should be and was granted, giving to John L. Bernecker absolutely the west half of said tract, without any claim on the part of the other parties in interest. Without any further evidence, this record shows a good and valid title in Bernecker.

BLISS, Judge, delivered the opinion of the court.

This is an action for the possession of the west half of the east half of the northeast quarter of section seven, in township forty-five north, of range six east, of the St. Louis land district; and the parties agree that Morgan Lich, deceased, held the legal title: the plaintiff claiming the land according to the whole record—though he fails to show such title in making his case as purchaser upon sale in partition—and defendant Wendelin Miller claiming the land through his wife Elizabeth, who is daughter of Morgan Lich. The title to the east half of the east half of the same quarter-section is mixed up with that of the west half in the record and in the partition suits shown in evidence, but defendants do not dispute the plaintiff's right to that portion of the half-quarter. The plaintiff, in the outset, relies mainly upon a lease executed by him to defendant Wendelin Miller, April 26, 1862, for the whole eighty acres, including both the east half and the west half of the east half of the quarter-section. This lease has figured largely in this and the Circuit Court, and has cost the defendant dear. Proceedings for unlawful detainer, and proceedings upon the appeal bond from a judgment for such detainer, have been brought here, and we have been compelled to sustain them because of this lease, although the defendant claimed, but did not so set forth and show as to be able to avail himself of it, that the lease was supposed by him to cover only the east half, he never intending to acknowledge the plaintiff's title to the west half. (Bernecker v. Miller, 37 Mo. 498; same, 40 Mo. 473; and same decided at this term.)

But defendants are not now in possession under this lease. It appears from testimony offered by them that Martin Miller is in possession by permission of the heirs of Morgan Lich, and that

Wendelin claims by the heirship of his wife. Hence, the plaintiff must show a better title. When the plaintiff rested his case, judgment might have been given for him against Wendelin Miller by virtue of the acknowledgment of the lease, and against him in favor of Martin for want of evidence; but the case proceeded and developed a strange medley of cotemporaneous partition proceedings in different courts, under which the plaintiff claims title.

On the 20th of March, 1858, one Peterson and wife (a daughter of Lich) and one Ladue, the nature of whose title does not appear, presented to the St. Louis Land Court their petition for partition of the whole eighty acres, being the east half of the northeast quarter of section seven, etc., making one Frederick Clouse (who owned a large interest in said eighty acres, sometimes called half and sometimes less) and George Lich, William Lich, John Lich, Laura Lich, Catherine Lich, Catherine Engel (late Lich) and her husband, Susan Bernecker (late Lich) and her husband, the present plaintiff, and Elizabeth Miller (late Lich) and her husband, the present defendant Wendelin Miller, heirs of Morgan Lich, defendants.

Process was served upon all the defendants but William Lich, who was not found, and upon one George Clouse. On the 15th of January, 1860, John L. Bernecker, the present plaintiff, presented a motion to set aside a preliminary order, and make Frederick Clouse a party instead of George Clouse, upon whom process had been served; but neither the preliminary order nor the action of the court upon the motion is given, and allusion to the matter is made only to show that the present plaintiff was actually in court and active in the proceedings. No answers are filed, and it nowhere appears that any of the defendants appeared except the present plaintiff, although the judgment recites that the plaintiffs came by their attorneys, and the defendants, George Clouse, George Lich, etc., "answering by their attorneys, and John L. Bernecker comes by his attorneys," etc. This judgment was entered in the Land Court in 1861, March 20, and finds that the plaintiffs and the defendant, John L. Bernecker, are the owners of the whole eighty acres, though how the interest of Clouse and the other heirs of Lich became divested nowhere appears in the

records of that court.   The interlocutory judgment found the proportionate interests of the parties, giving Bernecker five-eighths of the whole, and appointed commissioners.  They report, as usual, that it can not be divided, and recommend a sale, and afterward the parties—*i. e.*, the plaintiffs and Bernecker—stipulate that the west half of the premises (this being the land to recover which this ejectment suit is brought) shall be set apart to Bernecker, and the east half shall be sold and the proceeds divided — one-half going to Peterson and wife, one-fourth to Ladue, and one-fourth to Bernecker.   The court, in its final order of February 27, 1862, affirms this stipulation, orders that the said west half of the eighty acres named in the petition " be and the same is hereby set apart and allotted absolutely to the defendant, John L. Bernecker, free from any and all right or claim of the other parties to this suit," and that the east half be sold and the proceeds divided as stipulated. . The sheriff's deed to the plaintiff, upon sale under this order, was offered in evidence by him in opening his case, though precisely why does not appear ; . but it shows that he bid in the east half of the eighty acres, which is not the half in controversy, for thirty-six dollars an acre.

We have seen that in March, 1861, the court assumed that all the defendants to the suit had in some way lost their interest in the premises.   There was no amended petition showing that at the commencement of the suit they had no interest, or explaining how they had become divested of the interest alleged in the petition.   There was, however, evidence submitted to the court on the subject, and consisted of a sheriff's deed to Bernecker of the land in controversy, purporting to have been made in pursuance of an order of sale from the St. Louis Court of Common Pleas, upon a petition for partition presented to that court by the plaintiff, Bernecker, while the partition suit was pending in the Land Court.   Also, the record of the proceedings in the Court of Common Pleas, in full or in part, was offered below, and is preserved in the bill of exceptions ; so that it appears that, upon order of sale in the Common Pleas, the plaintiff purchased the west half of the eighty acres at five dollars per acre.

The record shows that on the 31st of October, 1859, the said
8—VOL. XLIV.

Bernecker and wife presented to the Court of Common Pleas a petition for partition and sale of the whole of said eighty acres, and made parties defendant: Frederick Clouse, Catherine Lich, the widow, and George, William, John, and Laura Lich, and Elizabeth Miller and her husband Wendelin (the present defendant), and Catherine Engel and her husband, heirs of Magnus Lich, deceased. Process was served November 1st on all the defendants except William Lich. The record shows no answer, and no appearance except by the recitals of the decrees or orders, and on the 24th of May, 1860, a decree of partition was rendered for the whole eighty acres, which decree recites that "Wm. Lich appeared in person, and the other defendants by Kribben & Kehr, their attorneys," etc.; and finds that Clouse is entitled to the east half of the eighty acres, and the plaintiff and other defendants are entitled to the west half, and that Catherine Lich, the widow, is entitled to dower, and appoints commissioners to make partition. October 31 an order was entered confirming the report of commissioners and ordering sale, and December 21 the sale was confirmed, though no report of commissioners is given, nor does it appear by the order of confirmation to whom the sale was made.

The date of the birth of Elizabeth Miller (late Lich) was was proved, which makes her twenty-one years of age, November 6, 1859, six days after service upon her in the second suit. Defendants also proved that they are in possession of the land in controversy with the consent of the heirs of Morgan or Magnus Lich. The plaintiff then offered in evidence a deed from Frederick Clouse to him of all his interest in the eighty acres, made January 21, 1861, after the partition decree in the Common Pleas, and before the one in the Land Court.

The instructions sought on behalf of the defendants, and refused, ask that the proceedings in the Court of Common Pleas be treated as void for two reasons—first, the pendency of the suit in the Land Court; and, second, the minority of Elizabeth Miller when served with process. This can not be. The proceedings in the Court of Common Pleas were not void for either reason. The defendants were all served with process, and it was

their duty, if they objected to answering in two courts, to have pleaded in abatement the proceeding pending in the other court. This is the universal practice. There may be circumstances that would authorize the double proceeding, and the matter should be brought to the attention of the court by plea, that it may pass upon the preliminary question before proceeding to final judgment. Nor is the proceeding void from the minority of Elizabeth Miller, from the fact that when judgment was taken she was of full age, and that in the judgment it is alleged that she appeared by counsel. It does not appear that she or any of the defendants filed answer to the petition, nor was any default entered against them, as the statute concerning partition requires if no answer is put in. But neither does it appear that the full record of the partition suit was exhibited in evidence—answers may have been in and not shown by defendants—nor can we impeach a judgment collaterally for its defects. We are bound to treat it and its recitals as correct until reversed. It will never do to closely scrutinize the irregularities of unreversed and subsisting judgments in collateral actions. The most fearful havoc would ensue to rights of property, and to that security that should arise from adjusted controversies, if courts were to indulge in that luxury.

Defendant's brief strongly presses upon the court the consideration of fraud on the part of the plaintiff, and I am not without suspicion that there may have been some unfairness on his part. But the record neither sets up nor shows facts that would constitute fraud. Elizabeth Miller, through whom the defendants claim an interest in the premises, was served with process in both partition suits when a minor. The judgment in both suits shows that she appeared upon the hearings. If this were false in fact, and the courts were so imposed upon as to suffer a false entry of the kind to be made; if she neither appeared nor authorized any one to appear for her; if she has not received the petty proceeds of the sale of her interest in the estate; if, from her want of knowledge, or that of her husband, of the English language, and from their general ignorance of what was progressing, or of its effect, they were in fact deceived by the plaintiff; if by his acts they were induced to lie idle, and unwittingly suffered their patri-

mony to slide into his hands, it is a fraud in fact, which, if made to appear in a proper way, would destroy any rights he may have acquired from his legal proceedings. But courts will not assume that such frauds were practiced, and will not find them unless upon proper issues and clear proofs. Such issues have not been made nor such proofs adduced in the present case, whatever suspicions may arise from the inadequate price paid for the land. In view of this suspicion, we have sought for some legal excuse for reversing the judgment and granting a new trial, with leave to amend the answer or file an equitable counter claim in the nature of a cross-petition; but we can not do so without acting as the legal adviser of parties, instead of arbiter of their disputes, and without establishing a precedent that might come back to plague us.

We are compelled to affirm the judgment below. The other judges concur.