H. F. PETTINGILL *et al.*, Respondents, v. P. M. JONES, Appellant.

St. Louis Court of Appeals, April 10, 1888.

1. FRAUD—BURDEN OF PROOF.—When a sale is attacked on the ground of fraud against the vendor's creditors, with knowledge thereof by the vendee, the burden of proof is on the party alleging such fraud and knowledge.

2. PRACTICE—SPECIAL ISSUES.—Although the case may not properly be one for the submission of special issues to the jury, there can be no complaint of prejudicial error in submitting them, when the general verdict accords with the findings on the special issues, and judgment is rendered on the general verdict.

3. —— PARTIES IN JUDGMENT.—A judgment which fails to make disposition of some of the parties in the record is erroneous. If one or more of the plaintiffs or defendants are entirely omitted from the judgment, and the record shows incontestably what disposition should have been made of them, the appellate court may make the proper modifications and enter a final judgment accordingly.

APPEAL from the Greene Circuit Court, HON. W. D. HUBBARD, Judge.

*Judgment modified.*

F. S. HEFFERNAN and JAS. R. VAUGHAN, for the appellant: The court of its own accord, and without plaintiffs' request, and against defendant's objection, submitted two special findings to the jury, which was error, as shown by the statute on that subject and the decisions of this court. Sess. Acts, 1885, p. 214. There should have been a verdict for or against plaintiff Pettingill. The court erred in its instructions to the jury with reference to their verdict, virtually telling them that there need be no finding as to plaintiff Pettingill, and erred in receiving the verdict as rendered. *McCord's Adm'r v. McCord,* 77 Mo. 175; *Ferguson v. Thatcher,* 79 Mo. 511; *Eichelman v. Weiss,* 7 Mo. App.

87; *Schweickhardt v. St. Louis*, 2 Mo. App. 582. Whenever the party averring the fraudulent sale shows that the sale was fraudulent, or offers evidence sufficient to take the case to the jury on that theory, then the burden of showing a consideration paid and the want of notice devolves upon the party claiming that his purchase was for value and in good faith. Whenever a *prima-facie* case of fraud is made, the law, in the absence of anything to the contrary, will presume that all the facts and circumstances attending the sale are known to the purchaser. *Halsa v. Halsa*, 8 Mo. 303; *Bishop v. Schneider*, 46 Mo. 482; *Johnson v. McMurry*, 72 Mo. 278; *Carson v. Porter*, 22 Mo. App. 179.

J. M. PATTERSON, for the respondents.

ROMBAUER, P. J., delivered the opinion of the court.

This action is in replevin and the controversy turned upon the point whether the plaintiff Moore was a purchaser in good faith of the property from one Hazen, the debtor in the attachment writ under which the goods were seized by the defendant constable, as Hazen's property, at the instance of his creditors. An additional point arose touching the question whether the plaintiff Pettingill had any interest in the property at the date of the institution of the suit.

The jury, under the instructions of the court, found a verdict in favor of plaintiff Moore in the following words: "We, the jury, find the issues for the plaintiff, B. F. Moore," and in answer to certain interrogatories propounded to them further found that Pettingill had, neither at the date of the institution of the suit, nor at the date of the trial, any interest in the property in controversy.

The court, by inadvertence, failed to enter judgment upon the verdict when rendered, but at the succeeding term, upon motion of the plaintiff and without objection

or exception on the part of defendant, entered the following judgment, *nunc pro tunc :* "And now on this nineteenth day of May, 1887, come the parties hereto by their respective attorneys, and the jury having by their verdict rendered herein found the issues in favor of said plaintiff B. F. Moore, and it appearing that said plaintiff by his writ of replevin has obtained possession of the property in controversy in this suit, to-wit : One yoke of oxen about eight years old, one of a dun color with white face, the other of a black and white color, also two log wagons : It is now, therefore, considered and adjudged by the court that said plaintiff B. F. Moore have and retain the possession of said described property, he being adjudged the owner thereof at the institution of this suit and entitled to such possession, and it is further considered and adjudged by the court that said plaintiff have and recover of the defendant his costs and charges in and about this suit laid out and expended and remaining unadjudged, and that he have execution therefor."

The defendant appealing assigns for errors that the court excluded proper evidence offered by defendant consisting of statements made by witness Bolen ; that the submission of special issues by the court of its own accord was error ; that the verdict was informal and the judgment rendered thereon erroneous in making no disposition of plaintiff Pettingill, and that the instructions of the court on the question as to where the burden of proof lay on the question of fraud was erroneous.

The defendant's first exception may be passed with the remark that the record fails to show that any part of Bolen's deposition was excluded, and that the exception finds no support by anything appearing in the record.

The defendant's second exception is not well taken, because, regardless of the fact whether the case was a proper one for the submission of special issues, it is not apparent how the error, if any, was prejudicial to the defendant. It is not claimed that the jury's general

verdict was not in full accord with their answer to the special interrogatories submitted. Whatever judgment the court entered, it entered on the general verdict of the jury and not on the special findings, which, so far as the result is concerned, may be rejected as mere surplusage.

The defendant's exceptions to the instructions given by the court are confined by plaintiffs' argument in this court to the instructions three and four, given by the court at plaintiffs' instance. These instructions told the jury in substance that if they found a sale from Hazen to Moore, then it was incumbent on defendant by the weight of evidence to show that the sale was made in fraud of Hazen's creditors, and that Moore had knowledge or notice of the fact at the time of the sale. We see no error in this. The burden of proof on a question of fraud is always on the party alleging it. *Dallam v. Renshaw*, 26 Mo. 533; *Bernecker v. Miller*, 44 Mo. 102; *Ames v. Gilmore*, 59 Mo. 537; *Shelley v. Boothe*, 73 Mo. 74; *Albert v. Besel*, 88 Mo. 150. The court upon defendant's request instructed the jury very fully what acts and circumstances would warrant them to infer fraud as against plaintiff Moore, and the instructions taken together placed the law on that question before the jury very favorably to defendant.

The judgment, however, must be modified because it fails to make any disposition of plaintiff Pettingill. A judgment is a final determination of the rights of the parties to the action, and must make some disposition of all of them. If plaintiff Pettingill has shown no cause of action against the defendant, the defendant was entitled to his judgment for costs against him.

When this case was last before us (21 Mo. App. 210), we reversed the judgment and remanded the cause because the court, among others, gave the following instruction to the jury:

"If at the beginning of this suit the plaintiff Pettingill had, and now has, no interest in the property sued for, the plaintiff cannot recover."

This instruction was held erroneous because, under Revised Statutes, section 3673, judgment may be given in a case for or against one or more of several plaintiffs.

Upon the last trial of the cause the court instructed the jury as follows:

"The court instructs the jury that if you find for both the plaintiffs, you will say in your verdict: 'We, the jury, find the issues for the plaintiffs.' If you find for the plaintiff Moore alone, you will say in your verdict: 'We, the jury, find the issues for plaintiff B. F. Moore.'"

This instruction was correct, as far as it went, but did not go far enough. It was the duty of the jury to make a finding as to all the parties, and the court should have instructed them in the case last supposed to find the issues for the plaintiff Moore, and against plaintiff Pettingill.

When it appeared by the finding of the jury that one of the plaintiffs had no cause of action, the case should have been dismissed by him, as there could be no joint recovery. This was suggested as the proper course in *Primm v. Walker*, 38 Mo. 94. If such plaintiff failed to dismiss his cause of action the court, being fully advised by the verdict of the jury that he had no interest, should have rendered judgment against him for costs.

Under the very liberal interpretation given by the Supreme Court to section 3776 of the Revised Statutes, in *Hunt v. Railroad*, 89 Mo. 609, this error can be corrected here by affirming the judgment in favor of plaintiff Moore against the defendant Jones, and rendering judgment in favor of defendant Jones against the plaintiff Pettingill for costs, with directions to the trial court to carry out the judgment thus modified. Costs of this appeal to be paid by respondents, Pettingill and Moore.

Judge Thompson concurring, it is so ordered.