MARY V. WALKER et al., Respondents, v. HUGH M. LEWIS, Appellant.

Kansas City Court of Appeals, January 10, 1910.

1. **PRACTICE: Peremptory Instruction: Conflicting Evidence.** This court does not weigh the evidence, and when the evidence of plaintiff is substantial and does not overtax credulity, it will be taken as true in considering a demurrer to the evidence.

2. **CONVERSION: Possession by Agent of Bailer.** Evidence that defendant sent his nephew as his agent to take possession of property belonging to plaintiff, that it was delivered to the agent upon assurance that the delivery was to defendant, and that defendant suffered his agent to retain the property and afterwards to convert part of it, shows a breach of defendant's duty as bailer, although he personally had nothing to do with the conversion.

3. **PLEADING: Joinder of Parties.** Where there are several joint owners of a chattel they should all join or be joined as parties in an action for conversion of the chattel.

4. ——: **Variance: Joint Ownership.** When the persons sued in conversion as joint owners and the evidence showed that one of them had no interest in the property converted, this is not fatal to a recovery, and judgment may be given against the party shown to have no interest and in favor of the owner.

5. **INSTRUCTIONS: Elemental Facts.** An instruction directing a verdict should include all the facts elemental to the cause of action.

6. ——: ——: **Omission.** But the omission of an elemental fact is not error when the other party has testified thereto and thus withdrawn that fact from the field of debatable issues.

Appeal from the Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

AFFIRMED.

*Mytton & Parkinson* for appellant.

(1) The instruction in the nature of a demurrer offered by the defendant at the conclusion of the plaintiffs' evidence and the instruction offered by the defendant in the nature of a demurrer at the conclusion of all the testimony in the case should have been given. There was no evidence to sustain the allegations of the petition that the defendant, Lewis, sold or disposed of or converted to his own use the property sued for. Walsh v. Sichler, 20 Mo. App. 374; Walsh v. Sichler, 20 Mo. App. 374. (2) Instruction number one given in behalf of the plaintiffs is erroneous in that it authorizes a recovery by both of the plaintiffs if the jury believe that the defendant sold or disposed of the property sued for without authority of the plaintiffs or converted said property to his own use. There was absolutely no evidence that Lewis ever sold the property and there is absolutely no evidence that he ever used the property and the evidence of the plaintiffs themselves demon-

strates that he contended that he had no title to the property, no right to possession of the property and nothing to do with it and had no claim over it. Walsh v. Sichler, 20 Mo. App. 374. (3) This being an action to determine a property right and of the same nature as a replevin suit. Instruction number two is erroneous for the reason that it permits a verdict in favor of Mrs. Walker alone although the petition which is binding upon her avers that she and her coplaintiff, Henry Walker, are the joint owners of the property sued for. Butler v. Boynton, 117 Mo. 467; Meglin v. Stewart, 6 Mo. App. 498; Little v. Harrington, 71 Mo. 390; Upham v. Allen, 76 Mo. App. 390; Seay v. Sanders, 88 Mo. App. 478.

*Charles M. Street* for respondent.

"If B has my property in his custody, and refuses, without a legal excuse, to restore it to me on demand, that is a conversion, whether he intends to make it his own or not. It is sufficient that he intends to hold it and to keep me from getting it." Sherman v. Printing Co., 29 Mo. App. 38. Instruction number one properly submitted the question of unlawful conversion to the jury. The jury were instructed that if they believed the property in controversy was loaned to defendant, and that he sold or disposed of the same without authority of the plaintiffs or converted the property to his own use, any one of these facts amounted to an "unlawful conversion" of the property. Speak v. Ely & Walker D. G. Co., 22 Mo. App. 122. Instruction number two was proper. Pettingill v. Jones, 30 Mo. App. 284. And the judgment on the verdict against plaintiff, Henry Walker, and in favor of plaintiff, Mrs. Walker, was proper.

JOHNSON, J.—The petition alleges that plaintiffs "are and at all times hereinafter stated were the owners of one runabout wagon, one set of single harness, one bridle, one saddle and one saddle blanket. That on or

about the 10th day of March, 1905, they loaned and delivered to the defendant said property for the purpose of assisting him in the sale of a horse belonging to the plaintiffs, the said defendant desiring to use said property in driving and showing said horse to prospective purchasers. Then follows the allegation that defendant converted the property to his own use and judgment is prayed for the value of the property. The answer is a general denial. A trial to a jury resulted in a verdict for the plaintiff, Mary V. Walker, for $100. The jury found that her co-plaintiff had no interest in the cause of action. Accordingly, judgment was entered for Mrs. Walker, and Henry was dismissed. Defendant appealed.

Counsel for defendant earnestly contend that the court should have given the jury a peremptory instruction to find for the defendant for the reason that "there was no evidence to sustain the allegations of the petition that the defendant Lewis sold or disposed of or converted to his own use the property sued for." We shall not recite the details of the evidence. Counsel attack the credibility of the testimony of plaintiffs and it appears that their account of the transaction is contradicted by very strong testimony, some of which is from disinterested witnesses, but there is nothing in it to overtax credulity. It is consistent and we must say it is substantial. As we have often declared, we do not weigh evidence, and where we find that of the plaintiff to be substantial, we accept it as true in our consideration of the demurrer to the evidence.

Material facts disclosed by the evidence of plaintiffs are as follows: Mrs. Walker owned a driving horse and the property in controversy. She had bought the property chiefly for the use of her son, the plaintiff Henry. Defendant was a liveryman in St. Joseph and plaintiffs had kept the horse at his barn. A short time before the beginning of the transaction in controversy, she began keeping the horse and rig in her own barn. She con-

cluded to dispose of the property and conversed with defendant by telephone about selling the horse for her. Defendant agreed to sell the horse and said he would send a man after it. Shortly after this conversation, a nephew of defendant called at Mrs. Walker's house to get the horse, stating he had been sent by defendant. He asked and was given permission to take the wagon, harness, saddle, etc., for use in showing the horse. The nephew afterward sold the horse and turned the proceeds over to plaintiffs, but he failed to return the other property. Later plaintiffs asked defendant to return the property and he promised to do so, giving as an excuse for his failure to return it that he had been very busy. A lawyer was then employed by plaintiffs and oral demand was made on defendant for the property, but he denied that he had ever received it or had it in charge. This suit followed.

Defendant relies on the case of Walsh v. Sichler, 20 Mo. App. 374, to support his contention that no case was made against him by the evidence. In that case it is said: "I understand the law to be, that to maintain the action of trover, there must be either a taking from the owner or an unwarranted assumption of control and ownership over the thing, or an alleged use or abuse of it, or *proof of demand, and refusal to surrender.*" It may be true, as defendant says, that he did not touch the property, that his nephew, who was not employed by him but by another livery man, took the property and retained possession of it, but nevertheless, the evidence of plaintiffs shows that defendant himself became the bailee of Mrs. Walker and as such should be held liable for the tortious act of his nephew. He agreed with Mrs. Walker to take the property for the purpose of selling the horse and the inference is permissible, to say the least, that he sent his nephew as his agent to receive the property which was delivered by plaintiffs on the assurance that the delivery was to defendant. If defendant suffered his agent to retain the property and after-

wards to convert part of it, that was a breach of defendant's duty as bailee, and he cannot exonerate himself from liability by showing that he, personally, had nothing to do with the conversion.

One of the points made against the instructions may be disposed of at this time, since the question arises under the demurrer to the evidence. Defendant argues that Mrs. Walker should not be permitted to recover for the reason that she sues as a joint owner, while the evidence discloses and the jury found she was the sole owner. We are cited to the following authorities: Butler v. Boynton, 117 Mo. App. 467; Megher v. Stewart, 6 Mo. App. 498; Little v. Harrington, 71 Mo. 390; Upham v. Allen, 76 Mo. App. 206; Seay v. Sanders, 88 Mo. App. 478.

It should be borne in mind that this is not an action on contract but is founded on a tort, consequently, cases which deal with the question of whether a plaintiff may declare in his petition as a joint obligee in a contract are not in point. The rule in this State is that where there are several joint owners of a chattel, they ought to join or be joined in an action for the wrongful conversion of the chattel. The rule is based on the idea that the defendant should not be harassed by a multiplicity of suits. [Butler v. Boynton, supra.] Doubtless, this rule moved counsel to include Henry as a party plaintiff, fearing the permission given him by his mother to use the property might be held to constitute him a joint owner and, in such event, if he were not joined, there would be a defect of proper parties. We are cited to no authority which holds that the improper joinder as party plaintiff of a person who has no interest in the converted property is fatal to a recovery by the plaintiff the proof shows to be the sole owner. The opposite doctrine was applied by the St. Louis Court of Appeals in Pettingill v. Jones, 30 Mo. App. 280, and it meets with our approval. On the verdict that the plaintiff Henry had no interest in the property, it was proper

for the court to enter judgment against him and in favor of his co-plaintiff, who was adjudged to be the sole owner.

The following instruction, given at the request of plaintiff is objected to by defendant: "The court instructs the jury that if you find from the evidence that the plaintiffs were the owners of one runabout wagon, one set of single harness, one bridle, one saddle and one saddle blanket, described in the petition, and that on or about the tenth day of March, 1905, they loaned and delivered to the defendant said property for the purpose of assisting him in the sale of a horse belonging to the plaintiffs, and that said defendant has sold or disposed of said property without authority of the plaintiffs or converted said property to his own use, then you will find for the plaintiffs."

It is argued, in effect, that an instruction directing a verdict must include in its hypothesis all of the facts elemental to the cause of action. That is true. In this case, the proof of plaintiff shows that defendant rightfully took possession of the property by the hand of his agent and held it for the purpose of the bailment, and that after the accomplishment of that purpose, he wrongfully refused to restore the property on the demand of plaintiff and still retains it in the possession of his agent. In such case, the cause of action becomes complete on the demand of plaintiff for a return of the property and the refusal of defendant to comply with the demand. The instruction includes all the elements of the cause of action except that of the demand and refusal. The defendant, however, testified to a conversation with plaintiff's attorney, the substance of which was a demand for the return of the property, a threat that suit would be brought if the compliance with the demand were refused, and the refusal of defendant to return the property on the ground that he was not plaintiff's bailee and had had nothing to do with her property. Thus it appears that the existence of the fact omitted

from the instruction was admitted by both parties. It was not necessary to submit to the jury a fact withdrawn by the parties from the field of debatable issues, and the instruction was not erroneous on that ground. Nor do we think the use of the word "converted" without giving its legal definition reversible error. The meaning of that word is well understood by the laity and, considering the context, we fail to perceive how the jury could have been misled to defendant's prejudice. Had defendant feared a misunderstanding of the word, he should have asked an instruction defining it. The judgment is affirmed. All concur.