Crosby v. Allyn.

CROSBY *vs.* ALLYN.

An actual entry, by the officer, on real estate, seems not to be necessary to constitute a valid attachment.

An attachment of "all the debtor's right, title and interest in any real estate in the town of *B*." is a good attachment of his tenancy in common in a particular tract in that town.

The lien created by attachment of a tenancy in common follows the estate, if it be changed from common to several property pending the attachment.

THIS was a writ of entry for possession of a parcel of land in *Belfast*, to which both parties claimed title as judgment creditors, under several extents, against one *Ezra Ryan*.

In a case stated by the parties, it appeared that *Ryan*, being tenant in common of an undivided portion of a tract of land, preferred his petition for partition thereof, according to the statute. Pending this petition, *Allyn* caused all *Ryan's* right, title and interest to real estate in *Belfast* and *Thorndike*," to be attached. At *November* term 1826, the proceedings in partition were closed, and *Ryan's* portion of the estate set off in severalty; and at *March* term, 1827, *Allyn* had judgment in his suit, and forthwith caused his execution to be seasonably and regularly extended, by metes and bounds, on the

whole portion, thus set off to *Ryan*. In *January*, 1827, after partition was made, and before *Allyn's* judgment, *Crosby* caused the specific parcel set off to *Ryan* in severalty to be attached ; and at the *July* term following obtained judgment, and caused his execution to be seasonably and regularly extended on a part of the same land, constituting the premises now demanded, of which *Allyn* was then in the actual possession. And the question which was the better title, was submitted to the court.

*Crosby, pro se*, contended that the sheriff's return on the writ in the tenant's suit was void, because it did not appear that he had entered on the land, or done any act respecting it. And something, he argued, analogous to seizure or manucaption, was necessary, to constitute a valid attachment of real estate, and to prevent the frauds which otherwise might be perpetrated with facility. *Bridge v. Sparhawk*, 3 *Dane's Abr.* 85. *Shove v. Dow*, 13 *Mass.* 529. In *Perrin v. Leverett*, 13 *Mass.* 128, the sheriff went as near to the estate as he could, it being a pew, in a locked meeting-house.

The return is also void for uncertainty. It should be at least so certain that another officer may find the land, and another creditor know how to avoid it. The rule respecting certainty in deeds of bargain and sale, or other conveyance, is here strictly in point. *Worthington v. Hylyer*, 4 *Mass.* 205.

But if the attachment was good, yet it was only of an undivided interest in the land ; and the execution could only be extended on what was attached. If the thing attached was no longer in existence, the tenant's title commenced with the extent, there being nothing prior to which it could have relation ; and this being subsequent to the demandant's attachment, the latter has priority, as the elder lien.

*Allyn, pro se*, said that the right of the attaching creditor still existed, partaking of all the modifications which qualified the title of the debtor, between the time of the attachment, and the extent ; whether it were an inchoate title, subsequently perfected ; or a concurrent title to the whole of the land, afterwards converted, by due process of law, into an exclusive right to part. Analogous to this principle is the case of an attachment of a right in equity of re-

demption, where the lien still attaches to the fee, after payment of the mortgage. *Foster v. Mellen*, 10 *Mass.* 421.

But if it were not so, yet *Ryan* is bound by the extent; and therefore the demandant is concluded also, being privy in estate, and claiming under him. *Varnum v. Abbot & als.* 12 *Mass.* 474.

MELLEN C. J. delivered the opinion of the Court.

*Ryan* was once the undisputed owner of the demanded premises, and both parties claim under him by attachment and levy. As the attachment in the suit of *Allyn* was made prior to that in the suit of *Crosby*, and as the execution was levied within thirty days after judgment, and seasonably recorded, it is evident that the tenant has the better title, if all proceedings were regular in relation to it. The *first* objection made by the demandant is that it does not appear, by the return on the original writ, that the officer who served it ever entered on the land to make the attachment. It has often been made a question whether, in such a case, a *pedis possessio* is necessary. As attachments are not required to be recorded or made known until the return of the writ, it seems to have been by many considered as an unmeaning ceremony and perfectly useless; and so it appeared to the court in *Perrin v. Leverett*. No case has decided what ceremony, if any, is necessary to constitute an attachment of real estate; but, whatever it is, the officer states that he did attach the estate of *Ryan*; and nothing more is said in the return on the demandant's writ against *Ryan*; and we must therefore, as the return stands, consider that the attachment was made in the usual manner, and as creating that lien which the statute recognizes and protects, as binding on the estate attached. We therefore overrule this objection.

The demandant's second objection is that the return is void, for uncertainty as to the description of the real estate attached. The language of the return is less accurate than usual;—"all the right, title and interest the within named *Ezra Ryan* has to real estate in *Belfast* and *Thorndike*." Such a general description, however, in a deed from *Ryan* to the creditor, would have been effectual to convey all his estate in those towns. A description may be general, or it may

be special ; and in both cases it may be perfectly intelligible. The object in view was to create the statute lien upon all those lands in the two towns to which *Ryan* had a title ; and the demandant's objection seems to be removed by the application of the principle, " *id certum est quod certum reddi potest.*" This objection must be overruled.

The third objection is, that as *Ryan* was a tenant in common, at the time the tenant's attachment was made of a tract of land, of which the premises demanded are a part ; and as *Ryan's* share, being the demanded premises, was assigned to him in severalty by judgment of court after the attachment, and before the levy of the tenant's execution, the attachment was thereby dissolved ; because *Ryan's* interest or title in common had disappeared ; and it is further contended that the tenant's levy on the several property of *Ryan* can have no legal connexion with the attachment. If such is the legal result, then it follows that the demandant has the better title ; because his attachment was prior to the tenant's levy, and it was seasonably perfected by the regular levy of his execution. Let us examine this argument. Before partition, *Ryan's* property was bound by the attachment; because the lien extended over the whole tract; in every part of which he was interested as tenant in common. By the partition, his estate was not increased or lessened ; but it was severed from the residue of the tract, and known by boundaries of its own ; and then the lien created by the attachment was limited to the part assigned to him. During all these proceedings, however, he continued owner of the legal estate. No inference can, therefore, he drawn against the continuance of the lien, from the language of the statute cited, respecting the attachment of an equity of redemption. The lien followed the estate, in its change from common to several property. Besides, it would be a singular principle of law, that would give a tenant in common, the power of dissolving an attachment of his title in common, by obtaining partition before his creditor could obtain judgment against him. The tenant's execution was properly extended on the several property. If the tenant could have defeated the partition in respect to the share of *Ryan*, by virtue of the attachment, still he has elected to consider it valid, by levying on the demanded premises,

Crosby *v.* Allyn.

after the partition was completed ; and as to the tenant and those claiming under him, as *Crosby* does, the levy is good, according to case of *Varnum v. Abbot & al.* This objection, we think, must share the fate of the others.

On the whole, our opinion is, that the action is not by law maintainable ; and according to the agreement of the parties, the demandant must be called.