### The President and Trustees of WILLIAMS COLLEGE vs. SAMUEL T. MALLETT.

Where the subjects to be acted upon at a meeting of proprietors of land, organized into a propriety under the provisions of *stat.* of 1821, *ch.* 43, were enumerated in the application to a Justice of the Peace, for the calling of the meeting, and the application was annexed to the warrant, it was held to be as well as if those subjects had been particularly stated in the warrant itself.

The interest of each proprietor, while he continues such, is subject to the control of the majority : but he may have partition against the corporation, and thereby withdraw from it.   The propriety, however, are under no obligation to suspend their proceedings, in order to give opportunity for the exercise of this right.

A mortgagee of the interest of a proprietor, would be bound by a partition duly made by the corporation, the mortgage attaching to the share set off to his mortgagor, as it did to the undivided interest.

THIS was a writ of entry, brought to foreclose a mortgage, and was tried upon the general issue, and a brief statement, in substance a disclaimer.

The demandants read a mortgage deed from the tenant to them, dated *June* 5, 1827, conveying six thousand acres of land, in common and undivided, in township No. 3, second range, north of the *Penobscot* Bingham purchase, referring to *Nathaniel Ingersoll's* deed to him of the same.   *Ingersoll's* deed contained a reservation of lots, marked as settlers' lots, on *John Webber's* plan.   It was also proved that the tenant lived on lot No. 11, in the 5th range in said township, at the time of the commencement of the action.

The President and Trustees of Williams College v. Samuel T. Mallett.

The tenant read a deed from himself to one *Joseph Mallett,* of all his interest in the township, dated *May* 31, 1830, and recorded the *4th* of *June* following. And also the record of the proprietors of said township ; by which it appeared that the proprietors of said township, on the *6th* of *April,* 1828, made application to a Justice of the Peace to call a meeting of said proprietors, for the purpose of organizing as a propriety under the provisions of *statute* of 1821, *ch.* 43, and for other purposes therein specified. This application was annexed to the warrant calling the meeting, and was referred to in the warrant as specifying the purposes of the meeting.

There was also a division of lots among the proprietors ; lot No. 11, in the 5th range, being set off and assigned as a *settler's lot.*

Several questions arose out of these proceedings, as to their regularity and effect, which are particularly stated, as well as the positions of counsel, in the opinion of the Court.

A default was entered by consent, which was to be taken off and a new trial granted, if, in the opinion of the whole Court, upon this evidence the defence was made out.

*T. P. Chandler,* for the tenant, cited the following authorities : *Crosby* v. *Allyn,* 5 *Greenl.* 453 ; *Hayward* v. *Carby,* 1 *Paige,* 471 ; *Jackson* v. *Peirce,* 10 *Johns.* 414 ; *Wilkinson* v. *Parrish,* 3 *Paige,* 653 ; *Cheesman* v. *Thom,* 1 *Edward's Ch. Rep.* 629 ; *Wills* v. *Slade,* 6 *Ves. Jr.* 498.

*Rogers,* for the demandants, cited *Keith* v. *Swan,* 11 *Mass.* 216 ; *Stearns on Real Actions,* (2d ed.) 234 ; *Olney* v. *Adams & al.* 7 *Pick.* 31 ; *Folger* v. *Mitchell,* 3 *Pick.* 396 ; *Chamberlain* v. *Bussey,* 5 *Greenl.* 164 ; *Tuttle* v. *Carey,* 7 *Greenl.* 426; *Worthington & al.* v. *Hylyer & al.* 4 *Mass.* 205.

WESTON C. J. delivered the opinion of the Court.

The tenant, having conveyed all his interest in the township in controversy, by a deed duly executed, acknowledged and recorded, prior to the commencement of this action, must prevail upon his disclaimer ; unless proved to have been in possession of some part of the land, upon which the demandants' mortgage attached. The case finds that he was in possession of No. 11, in the fifth

range in the township. Had the demandants an existing lien upon that lot, when they commenced their action? As evidence of title, they rely upon a deed, dated *June 5th*, 1827, from the tenant, in fee and in mortgage. By that deed, he conveyed to them the same land which *Nathaniel Ingersoll* had conveyed to him, by deed dated the same day, to which he referred. From *Ingersoll's* deed, there was reserved and excepted the lots marked as settlers' lots, on a plan of said town, made by *John Webber.*

It appears, from the records of the propriety, that No. 11, in the 'fifth range, was set off and assigned as a settler's lot. And as such, it is insisted by the tenant's counsel, that it is not within the demandants' claim. It would not, if it was marked as a settler's lot on *John Webber's* plan; for lots of that description were excepted from the operation of *Ingersoll's* deed. That it was so marked is probable, from the fact of its being subsequently assigned as a settler's lot. Assuming that it was so, the disclaimer is sustained. We therefore take off the default; and if upon a further trial, No. 11, in the fifth range, should not turn out to have been one of the excepted lots, that objection to a recovery by the demandants will be removed.

There are, however, other points taken in the cause, which it may be useful to consider; that the rights of the parties may be the better understood.

It appears that the proprietors of this township, in virtue of a warrant, issued on the application of five of their number, did, on the 9*th* day of *June*, 1828, proceed to organize themselves as a propriety, under the act for the better managing lands, wharves and other real estate, lying in common, *stat.* of 1821, *ch.* 43; and that they thereupon made partition of the greater part of their lands. To these proceedings, and to their operation and effect upon the demandants, a number of objections are taken.

The warrant, it is said, has not in itself any enumeration of the subjects to be acted upon at the meeting; but the application has, which is annexed to the warrant; and the warrant authorizes a meeting at the time, place, and for the purposes, therein specified. This is the usual mode; and the effect is the same as if particularly stated in the warrant. The notice which follows, apprizes all persons interested, by a reference to the application and

The President and Trustees of Williams College v. Samuel T. Mallett.

*warrant*, both of which are published. The extracts from the records, furnished at the trial, do not show such a publication of the notice, as the statute requires; but no objection of this sort appears to have been raised at the former trial; and it may be removed by the competent proof.

If notice was duly published, the proceedings of the propriety operated upon the interest of the demandants, who had an opportunity to have been represented at the meeting. Their interest, as well as that of every other proprietor, is subject to the control, which the law has given to a majority. A proprietor may have partition against the corporation, and thereby withdraw from it; as was decided in *Mitchell* v. *Starbuck et al.* 10 *Mass.* 5, and in *Chamberlain* v. *Bussey*, 5 *Greenl.* 164. But the propriety are under no obligation to suspend their proceedings, in order to give opportunity for the exercise of this right.

The first section of the statute before referred to, after providing in what manner a meeting of the proprietors may be called, points out what they may do when assembled; and among other things, they may pass votes for dividing their common lands. In the case before us, the fourth article in the application, which was adopted as part of the warrant was, to see what measures the proprietors would adopt to divide and apportion their lands. Being thus regularly brought before them, it was as much within their statute powers to act upon this subject at their first meeting, or at any adjournment thereof, as at a subsequent meeting. The statute does not require that they should divide the whole, if they divide any. They may divide, from time to time, such portion as they may deem it expedient to do, leaving a part undivided as long, as in their judgment, their interest may require. This has been the uniform practice; and we perceive nothing, either in the statute, or in public policy, which forbids it.

Under the assignment in severalty, voted to *Samuel T. Mallett*, the interest of the demandants, holding under him as mortgagees, must be regarded as included. Their lien would attach to the lands of *Mallett*, when severed and divided, as much as it did, while held in common. *Mallett* was the tenant in possession. The land, divided and set apart in his name, enured, as far

The President and Trustees of Williams College v. Samuel T. Mallett.

as the lien was concerned, to an incumbrancer under him. The value of the interest was not diminished by the partition, and it might be more beneficially enjoyed. The cases cited for the tenant, maintain the position, that the lien attaches to the land when divided, and that the incumbrancer is bound by the partition. If the demandants were not represented at the meeting, where these proceedings were had, they might have been.

The lands were divided by a designation of the number of each lot in certain ranges, indicated also by number. The deed from *Ingersoll* refers to a plan of the town, made by *John Webber*; and the division by lot and range, implies that there was a survey and plan. If this was done or adopted by the proprietors, their votes must, by a reference to such survey and plan, be applied to their proper subject matter. All doubt may be removed upon this point, at a further trial. By the plan, and the survey upon the face of the earth, one or both, the metes and bounds of each lot may be ascertained.

By the division, the demandants' claim in the number of acres conveyed to them, instead of being extended over the township, except with regard to a small portion of it left undivided, is to be taken from what has been assigned to their grantor. If he has more land thus assigned, than was mortgaged to them, they will be entitled to such portion of it in common and undivided, as their claim bears to the whole of his interest.

The demandants may have leave so to amend their declaration, as to set forth their seizin, as it stood at the commencement of their action; and if at that time the tenant was in possession of any part of the land, then covered by their mortgage, they will be entitled to judgment. But if the tenant had previously conveyed his interest, and was in possession of no part of the lands subject to their lien, his disclaimer will be sustained; and he will be entitled to judgment for his costs.