## William Randell *vs.* Samuel T. Mallett.

The lien created by a mortgage of an undivided portion of a township of land attaches to the share set off in severalty to the mortgagor on a partition among the proprietors.

And if the mortgagor have a greater share in the township, than was covered by the mortgage, and the whole be set off together in severalty, the lien of the mortgagee will attach, as tenant in common, to the whole land thus set off, *in the proportion that the quantity mortgaged will bear to the whole land thus set off.*

Where the grantor, by deed of warranty, of an hundred acre lot by metes and bounds, at the time of the grant, owned 7500 acres of land subject to a mortgage of 6000 acres thereof in common; in an action by the grantee upon the covenants of the deed, he is entitled to recover nominal damages, the mortgage not having been extinguished.

THE action was covenant broken, founded upon a deed of defendant covenanting among other things, that the lot conveyed to the plaintiff, No. 16 in the 4th range, *Williams College* township, was free of all incumbrances, and alleging as a breach, that the premises were encumbered by a mortgage of 6000 acres, lying in common and undivided with the residue of said township, made by the defendant to the Trustees of *Williams College.* The plaintiff gave in evidence his deed and the mortgage, and there rested, claiming only nominal damages, as the mortgage was not paid off. This was resisted by the defendant, on the ground that the lot in question was not incumbered by the mortgage. The defendant then gave in evidence a deed to him from *Nathaniel Ingersoll,* of 6000 acres of land, with the same description, as that in the mortgage to the College, bearing date the same day, and all a part of the same transaction. He then gave in evidence deeds to him of

fifteen hundred acres more, in the same township, in common and undivided with the residue of the township; also a deed from the Commonwealth of *Massachusetts* to the Trustees of *Williams College*; and also the same organization of the proprietors and partition of the township, mentioned in *Williams College* v. *Mallett*, 3 *Fairf.* 398. At the meeting of the proprietors it was voted to set off to said *Ingersoll* thirteen lots, and to said *Mallett* fourteen lots of 100 acres each, on which improvements had been made, and which were described in the vote as having been sold by *Mallett* to settlers and as settlers' lots, one of which was the lot in question. The defendant also offered to prove the attachment and sale of the equity of redemption of the defendant in the land described in the mortgage, and a deed by the officer, enumerating between 50 and 60 of the lots, but this lot was not included among them. *Parris J.*, before whom was the trial, excluded this testimony. If the evidence offered ought to have been received, or if the evidence which was received was sufficient to sustain the defence, the default was to be taken off.

*F. Allen* and *T. P. Chandler*, for the defendant.

1. There is no incumbrance on the plaintiff's lot, the defendant owned 1500 acres more than he mortgaged to the College, and there is no certainty, that the mortgage will fall on any part of this lot. The mere possibility of an incumbrance will not support an action. It must be fixed, certain and determined. *Barnard* v. *Fisher*, 7 *Mass. R.* 71; *Borden* v. *Borden*, 5 *Mass. R.* 75; *Powell* v. *Monson Man. Co.* 3 *Mason*, 365.

2. If there was originally an incumbrance, it was extinguished before the commencement of this action. Partition had been made by the proprietors and this was binding upon them. *Williams College* v. *Mallett*, 3 *Fairf.* 398. The interest of the College attached only to the land set off to *Mallett* other than the settlers' lots; and the land left was more than the land mortgaged. *Crosby* v. *Allyn*, 5 *Greenl.* 453. On a division of the remaining lands, were that necessary, these lots would be assigned to the settlers.

3. In the sale of the equity, this lot was excluded in the officer's deed, and when the mortgage is paid off by the purchaser, he can have no claim on this lot.

Randell *v.* Mallett.

*Abbott,* for the plaintiff, remarked, that if all the facts had been known at the time, the action would not have been brought, but as it was here, the law must decide it. He admitted, that the partition was binding, but argued, that the effect of it was to confine the claim of the College, under the mortgage, equally over the remaining 7500 acres, instead of extending over the whole township; and thus increasing, instead of diminishing, the lien by the mortgage on this lot, existing at the time of the conveyance to the plaintiff.

After a continuance, *nisi,* the opinion of the Court was drawn up by

WESTON C. J. — The defendant, having purchased of *Nathaniel Ingersoll* six thousand acres of land, in the township granted to *Williams College,* in common and undivided, mortgaged the same to that corporation. He became the owner also, by purchase from other persons, of fifteen hundred acres more in common and undivided, in the same township. He afterwards sold to settlers fourteen lots, of one hundred acres each, by metes and bounds. These were afterwards drawn to the defendant's right in a division of the lands, for the purpose of quieting the settlers, holding under him, in their titles. The lien, created by the mortgage to the College, although at the time of its execution extending over the whole township, with certain exceptions not affecting the present case, would follow and attach to the defendant's right, when severed. *Williams College* v. *Mallet,* 3 *Fairf.* 398; *Crosby* v. *Allyn,* 5 *Greenl.* 453.

If there was set off to the defendant a greater quantity of land, than he mortgaged to the College, their lien would attach to his land when divided, in the proportion that the quantity mortgaged to them might bear to the whole quantity, of which he was owner; and in that proportion they would be interested in common with him. It was not in his power, by a sale of part of the land by metes and bounds, to extinguish their lien in the part thus sold, without their consent. The fact that there would be a sufficient quantity left for their security, or as many acres as he had mortgaged, would not withdraw the incumbrance from the land sold. Although embracing but a small part in quantity, it might constitute a great part in value. If the defendant had subsequently sold the

remaining lands by metes and bounds, and the purchasers had extinguished the mortgage, they would doubtless have had a right to call upon those, who first bought for contribution. The defendant had no right to charge one portion of the land with the incumbrance, and to exempt another from the burthen, without the consent of the incumbrancer.

All the owners in the township may have had an interest, in getting on the requisite number of settlers provided for in the original grant; but how this was to be effected would be matter of arrangement, among the proprietors. The defendant, by selling to the number of settlers assigned to him, would not be entitled to receive all the purchase money, to the prejudice of the mortgagee under him. He could not give an unincumbered title, without obtaining a release from the College of this part, which he has not done.

We are, therefore, very clear, that the defendant's covenant to the plaintiff, that the land he purchased was free from incumbrance, was broken, of which the mortgage to the College was evidence; and that he is entitled to nominal damages, although he had not extinguished the incumbrance. The lien of the College was in no degree affected, by the attachment and sale of the equity of redemption at the suit of *Solomon H. Chandler*, or by the terms of the deed, from the officer to the purchaser of that equity. The evidence of these transactions were therefore properly excluded, as they could not avail the defendant by way of defence.

*Defendant defaulted.*