OLIVELLA BARNHART, BY HER GUARDIAN, S. E. ELLIS, Respondent, *v.* JOHN H. CAMPBELL, Appellant.

1. *Tenants in common — Conveyance by metes and bounds, validity of — Statute of partitions.* — A conveyance of his interest by metes and bounds by a tenant in common is valid, even as to his co-tenant. The statute of partitions prevents any injustice.

*Appeal from Adair Circuit Court.*

*Harrington & Cover,* for appellant.

I. Every conveyance of real estate hereinafter executed shall pass all the estate of the grantor, unless the intent to pass a less estate shall appear by express terms. (R. C. 1855, p. 355, § 2.)

II. A deed by a tenant in common, purporting to convey in

severalty, is a good conveyance of the grantor's undivided part within the boundaries of the conveyance. (Lessee of White v. Sayer, 1 and 2 Ohio, 302.)

III. Levy and sale on execution, of the interest of a tenant in common, as by specified metes and bounds, is good for his undivided portion within such boundaries. (Treon's Lessee v. Emerick, 6 Ohio, 398.)

IV. A tenant in common can convey a part of his undivided interest in the whole land, or his whole undivided interest in a part of the land. (7 Ohio, 132.)

*De France & Halliburton*, for respondent.

One co-tenant cannot convey a portion of the general estate. (1 Washb. 417, 432, § 5; Souter v. Porter, 27 Me. 405; Great Falls Co. v. Worcester, 15 N. H. 412.)

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment. Under the instructions of the court, the plaintiff recovered a judgment for the possession of the lands in controversy.

The main point presented by the record is whether one tenant in common can convey a part of the common lands by metes and bounds, in this State, without the concurrence of his co-tenant. The conveyances under which the defendant held were of this character, and were made in 1865 and 1866. The court below held that these deeds were void as against the plaintiff, who was heir of the co-tenant.

The question is a new one in this State, and is now for the first time before this court; at least no decision has been referred to, and I know of none where this point has been directly passed on by this court. In Prim *et al.* v. Walker, 38 Mo. 94, this court held that when several persons are tenants in common of separate and distinct parcels of lands, one of the tenants may convey all his undivided interest in any one of the distinct parcels. The precise question now under consideration did not arise in that case and was not passed on by the court, although Judge Holmes,

*arguendo*, in delivering the opinion of the court, seemed to concede that a conveyance by a tenant in common of a portion of the common land, by metes and bounds, would be void as to his co-tenant. This was a mere *obiter dictum* and cannot be regarded as authority in this case. In McCaul v. Kirkpatrick, 46 Mo. 434, although the counsel for appellant made the point in his brief, the record did not present it, and it was not touched or referred to by the court. So the question is still open for adjudication. In England, and in many of our sister States, the law seems to be well settled that such a conveyance is void as to the co-tenant who does not consent.

The only reason given is that it would render a partition of the land more difficult, and compel the co-tenant to take smaller pieces and more of them to make up his share. But this reason is not applicable to our laws concerning partitions. Here the partition is not necessarily made in kind, as it is in other States and in England; but if partition in kind would prejudice the rights of the parties, the land is required to be sold, and proceeds divided among the parties according to their respective rights. Each party has the chance to purchase such quantities as he may think proper. The reason upon which the old technical rules were founded has long since ceased to exist in this State, and in fact it never did exist here, as the main features of our partition law were in force in the Territory of Missouri before it was formed into a State, and have ever since remained in force. When the reason for the rule ceased, the rule itself also ceased, and accordingly such conveyances have been made and acquiesced in by the community and the legal profession as valid. Large amounts of property, no doubt, have been acquired and are now held on the faith of their validity, and under the circumstances it is the duty of the court, when no rule of law is violated, to uphold them, and to protect the citizens in the enjoyment of their just acquisitions.

Our statute of conveyances, which was in existence when these deeds were made, and which is still the law and has been for many years, provides that "every conveyance of any real estate hereafter executed shall pass all the estate of the grantor, unless the intent to pass a less estate shall appear by express terms, or be

necessarily implied in the terms of the grant." (R. C. 1855, p. 355, § 2.) This statute seems to cover the case; but whether it does or not, I think the conveyances in question are valid, not only as to the grantor, but as to his co-tenant.

The judgment must be reversed and the cause remanded. Judge Wagner concurs. Judge Bliss absent.