CORNELIA E. GREEN *vs.* SAMUEL G. ARNOLD *et als.*

</div>

On a bill in equity for partition between two tenants in common, the estate of one being unincumbered and that of the other being subject to various mortgages covering the mortgagor's undivided interest in various parcels : —

*Held,* that a decree of partition could not extend any mortgage to property not described and included in such mortgage.

*Held,* further, that the aggregate parcels covered by each single mortgage of the one tenant in common must, for purposes of partition, be considered as one separate estate.

*Held,* further, that as between tenants in common a sale or mortgage by one of them is valid, provided such sale or mortgage covers the vendor's or mortgagor's interest in the whole of any separate parcel or estate, notwithstanding the tenancy in common may extend to other parcels or estates.

Of two tenants in common one mortgaged his interest in the common estate to the other and no entry or foreclosure has taken place : —

*Held,* the mortgagee can have partition in equity.

When owelty is required to equalize partition between two tenants in common, the estate of one being mortgaged, it should, if to be paid by the unincumbered owner, be paid to the mortgagee of the other and credited on the mortgage note.

BILL IN EQUITY for partition.    On motion for a decree of partition and of reference to a commission to divide the realty in question.

*June* 19, 1876.    DURFEE, C. J.    This is a bill in equity for partition of real estate belonging to the plaintiff, Cornelia E. Green, and the defendant, Samuel G. Arnold, as tenants in common.    The bill alleges that the common estate consists of sixteen parcels, which are respectively numbered and described in the bill.    The bill further alleges that the undivided half of Samuel G. Arnold in fourteen of these parcels is subject to mortgages ; that is to say, his undivided half in the parcel numbered 16 is

subject to a mortgage dated April 12, 1867, held by George W. Butts as administrator of Louisa M. Butts; his undivided half in the eleven parcels numbered 1, 2, 3, 4, 5, 6, 8, 10, 11, 12, 13, is subject to three mortgages, now held by the City Savings Bank; the parcels numbered 1, 2, 3, 6, and 11, being subject to a mortgage dated February 13, 1868; the parcels numbered 4, 5, 8, 10, 12, and 13, being subject to a mortgage dated February 18, 1868, and all the eleven parcels being subject to a mortgage dated October 1, 1868; and his undivided half in parcels numbered 9 and 15 is subject to a mortgage to the plaintiff, dated March 28, 1874. The bill also alleges that after the aforesaid mortgages, the undivided half of Samuel G. Arnold in the entire sixteen parcels is subject to the inchoate dower right of his wife, Louisa G. Arnold. The said Louisa G. Arnold, George W. Butts, and the City Savings Bank are made parties defendant. Answers have been filed by Samuel G. Arnold, and Louisa G. Arnold, admitting the allegations and joining in the prayer of the bill. An answer has been filed by the City Savings Bank admitting the allegations of the bill. No answer has been filed by George W. Butts, and against him the bill has been taken as confessed.

The case now comes before us upon the plaintiff's motion for a decree, a draft of which, as proposed by her, has been submitted, and is assented to by Samuel G. Arnold and Louisa G. Arnold, but is objected to by the City Savings Bank.

The proposed decree directs a division of the estate into two equal parts; one part to be allotted to the plaintiff, and the other part to be allotted to the defendant Samuel G. Arnold, subject to the mortgages, and after them, to Mrs. Arnold's inchoate right of dower; the mortgages to be successive liens upon Mr. Arnold's one half, in the order of their dates. The proposed decree empowers the commissioners, in case of any unavoidable inequality in the value of the two parts, to fix such moderate and reasonable owelty to be paid by the plaintiff to the defendant Samuel G. Arnold, as may be required to equalize the partition.

The City Savings Bank objects to the provision subjecting the one half allotted to Mr. Arnold to all the mortgages in the order of their dates, and claims that it is entitled to have Mr. Arnold's one half in that part of the realty covered by its mortgages, allotted to him in that part, and to retain its mortgages upon the allotted half in that part to the exclusion of other mortgages.

We do not think that any mortgagee can have his mortgage made a lien upon any part of the half allotted to Mr. Arnold, unless that part is covered by his mortgage. For instance, the mortgage held by Mr. Butts covers only Mr. Arnold's interest in land in Woonsocket. It must be confined to that land. It cannot be extended over land in Providence. The mortgage to the City Savings Bank, dated February 18, 1868, covers Mr. Arnold's interest in six tracts or parcels of land in Providence. It must be confined to those six tracts or parcels. It cannot be extended over the land in Woonsocket or over other land in Providence. So of the other mortgages. We can no more extend the mortgages over land not covered by them than we could so many absolute conveyances. And this view is not in conflict with the cases referred to by the plaintiff. *Jackson* v. *Pierce*, 10 Johns. Rep. 417 ; *Crosby* v. *Allyn*, 5 Me. 453 ; *Williams College* v. *Mallett*, 12 Me. 398. These cases simply hold that where one of two or more tenants in common mortgages his entire interest in the common estate, the mortgage will cover the part allotted to the mortgagor in any partition subsequently made. And see *Loomis* v. *Riley*, 24 Ill. 307 ; *Thurston* v. *Minke*, 32 Md. 571. In *Randall* v. *Mallett*, 14 Me. 51, also cited for the plaintiff, it was held, that where one of several tenants in common mortgages less than his entire interest in the whole of the common estate, and the estate is afterwards divided, the mortgage will cover a proportional interest in the whole of the part allotted to the mortgagor. There was no difficulty, in either of these cases, in extending the mortgage to the entire allotment, inasmuch as it originally covered the entire estate, though in *Randall* v. *Mallett* it covered less than the whole of the mortgagor's interest. In the case at bar, we are asked to extend several different mortgages of the mortgagor's interest in different parts of the common estate over the whole of the part set off to him in the partition, though the part set off will necessarily include land not subject to all the mortgages. We know of no principle or authority upon which this can be done. If the wish is not only to divide the estate between the plaintiff and Mr. Arnold, but also to set off in severalty the different parts which shall be severally subject to the different mortgages, it can only be done, in our opinion, by treating the parts covered by the different mortgages as so many distinct estates, and separately partitioning them as such.

The plaintiff claims that as to her the mortgages, being mortgages of distinct parcels, are void, and that she is entitled to have her half set off to her the same as if they had no existence. She relies on the rule that one of two or more tenants in common cannot convey his interest, or any part of his interest, in less than the entire estate so as to bind his co-tenants. She insists that this rule invalidates the conveyance or mortgage of an undivided interest in one or more of several distinct estates which are held in common, unless all the estates so held are embraced. The rule is doubtless so expressed in the dicta and decisions of certain courts; *Peabody* v. *Minot*, 24 Pick. 329 ; *Thompson* v. *Barber*, 12 N. H. 563 ; Freeman on Co-tenancy and Partition, §§ 197–208 ; but the rule carried to this extent is disapproved by other courts, which hold that the rule is applicable only to prevent the dismemberment of a single estate, and not to prevent a tenant from selling his interest, or any part of his interest, in any one of several distinct estates, provided he does not sell it in less than the whole of any one of such estates. Thus, in *Star* v. *Leavitt*, 2 Conn. 243, it was held improper to levy an extent on an undivided interest in two parcels when an undivided interest in one of them would have satisfied the claim. So it has been held, that platting lots for sale converts the lots into separate estates, and that an undivided interest in any one of the lots so platted may be lawfully sold and conveyed. *Carroll* v. *Norwood*, 1 H. & J. 167 ; *Reinicker* v. *Smith*, 2 H. & J. 421 ; *Primm et al.* v. *Walker*, 38 Mo. 94. The whole subject is elaborately reviewed and discussed in *Butler* v. *Roys et als.* 25 Mich. 53 ; and the conclusion reached in that case is, that where an inheritance consists of several distinct freeholds, a tenant in common may convey his undivided interest in any one or more of them ; and that where such an inheritance consists of separate city lots which have been platted, each lot is presumed, in the absence of evidence to the contrary, to be a distinct holding.

In this conflict of authority we feel at liberty to adopt the view which appears to us the more reasonable. The argument in favor of extending the rule to the whole of several distinct estates is, that the property, being thus kept entire, can be more advantageously dealt with in the partition, and the partition can be had in one instead of several suits. There is force in the

argument. The objection is, that the rule so extended, unreasonably fetters the right of disposing of the property. Two persons may be tenants in common of several distinct estates, purchased at different times, and widely separated from each other, though all in the same state. Is it reasonable to hold that neither of them can sell his interest in any one of the estates, unless he sells it in all of them ? Or that no person can safely purchase, or attach, or take a mortgage of the interest of either of them in any one of the estates, unless he at the same time purchases, or attaches, or takes a mortgage of his interest in all of them ? If the rule is so, the purchaser or mortgagee of an undivided interest will have to search the records of every town in the state before he can be sure he is not getting an invalid title. This is putting too great a burden on purchasers and mortgagees. We think it is enough if the purchaser or mortgagee of an undivided interest purchases or takes a mortgage of such interest in the whole of any separate estate, or if the owner of such interest so sells or mortgages and conveys the same, notwithstanding he and his co-tenant may be tenants in common of other estates. We decide that the rule does not go beyond that in this state.

In the case at bar, there would seem to be no objection to treating the different parts which are subject to different mortgages as distinct estates. The parcel numbered 16, which is subject to the mortgage held by George W. Butts, is clearly a distinct estate. The parcels numbered 1, 2, 3, 6, and 11, which are subject to the mortgage held by the City Savings Bank, dated February 13, 1868, are distinctly described, and, for anything that appears, are either distinct estates in fact, or are treated as such. The same is true, practically, of parcels numbered 4, 5, 8, 10, 12, and 13, which are subject to the mortgage dated February 18, 1868 ; for though the parcel numbered 10 appears to have been originally a part of an estate made up of the two parcels numbered 9 and 10, the plaintiff has herself taken a mortgage of the parcel numbered 9, thus recognizing it as a distinct estate, independent of the parcel numbered 10. The three parts so mortgaged should, therefore, be separately divided, and a moiety of each of them set off to Samuel G. Arnold in severalty, subject to the mortgage which covered it when undivided.

The City Savings Bank has also a third mortgage covering all which is covered by its other two mortgages. This, however, will create no embarrassment; for the two halves set off for the two other mortgages will together make up the one half for this third mortgage.

The commissioners, in making partition in the manner above indicated, will labor under certain restrictions; but nevertheless, owing to the number and extent of the different parcels involved, there will be room for a good deal of judgment and discrimination, which it will be their duty to exercise carefully, so as to avoid any unnecessary sacrifice of the interests and conveniences of the respective co-tenants.

The parcels numbered 9 and 15 are subject to a mortgage to the plaintiff, and the question is raised whether they can be divided, no foreclosure or entry under the mortgage having taken place. In Massachusetts, in a suit under the statute by the mortgagor, the mortgagee objecting, partition was refused. *Fuller* v. *Bradley*, 23 Pick. 8; *Blodgett et al.* v. *Hildreth*, 8 Allen, 186. Here the suit is in equity, and is brought by the mortgagee, the mortgagor assenting to the partition. We can see no reason why the partition should not be made, the one half of the two parcels allotted to the defendant, Samuel G. Arnold, to be subject to the plaintiff's mortgage. It has been held, where husband and wife are tenants in common, that the wife can sue the husband for partition in equity, though she could not at law. *Moore* v. *Moore*, 47 N. Y. 467.

In case any payment of owelty is required of the plaintiff to equalize any partition of the parts under mortgage, we think it should be made to the mortgagees, unless they choose to waive it, and be credited upon their mortgages.

We have now passed upon all the questions which have been raised; and we trust that the opinion which we have expressed will enable the parties to frame a decree which will result in an equitable partition of the common estate, and, at the same time, preserve the rights of the mortgagees without diminution or entanglement.                                *Decree accordingly.*

*Arnold Green*, for complainant.

*James G. Markland*, for City Savings Bank, one of the respondents.