# Howze *v.* Dew.

### *Statutory Action in nature of Ejectment.*

1. *Mortgage of undivided interest in land; title in severalty afterwards acquired.*—A mortgage executed by one of seven children, heirs at law of their deceased father, and tenants in common of several tracts of land, only one of which lies in the county, conveying "the following real estate *lying in said county,* to-wit, *all my interest as heir and distributee* of said W. S. P., deceased," conveys only the mortgagor's undivided interest in the tract of land lying in said county, and not his interest in lands situated in other counties; but, on a partition of the lands, the mortgage passes whatever interest in that tract is allotted in severalty to the mortgagor, whether it be one-seventh of the entire tract, or two-sevenths of one-half; yet, if the proceedings for partition embrace all of the lands, and one-half of the mortgaged tract is allotted to the mortgagor in severalty, as his entire interest in all, the estate of the mortgagee is not thereby increased or extended beyond the two-sevenths,

2. *Notice as between tenants in common; sale of land for taxes.*—Notice to one tenant in common, of facts affecting the common property, does not operate as a notice to the others, nor prejudice their rights; and this principle applies to notices required by statute to be given to the owners of land, of proceedings to subject it to sale for unpaid taxes.

3. *Purchase at tax sale by mortgagee.*—A mortgagee in possession, purchasing the land at a sale for unpaid taxes, does not acquire a title which can prevail against the mortgagor, or against his devisee.

4. *Error without injury,* in charges given, will not avail to reverse; as, where a question is submitted to the jury, against the exception of the defendant, and they find the issue in his favor.

APPEAL from the Circuit Court of Perry.

Tried before Hon. JOHN MOORE.

This action was brought by Mrs. Amanda C. Dew against John Howze and others, to recover the possession of a tract of land containing 160 acres, which was particularly described in the complaint, with damages for its detention; and was commenced on the 24th February, 1887. The plaintiff was formerly the wife of Wm. M. Phillips, who died in said county,

[Howze v. Dew.]

in October, 1881; and she claimed the land as devisee under his will, which was duly admitted to probate soon after his death.

Wm. M. Phillips was one of seven surviving children of Wm. S. Phillips, who died during the year 1872, and to whom said land, with other tracts, belonged at the time of his death. On the 20th of January, 1874, Wm. M. Phillips and one of his brothers executed a note for $933.06 to said John Howze, of which sum $586 was advanced at the time, and the balance to be advanced during the year; and they gave a mortgage on real and personal property to secure the amount of the note, which was made payable the 15th of October, 1874. The real estate conveyed by the mortgage was thus described: "Also, the following real estate, lying in the county of Perry and State aforesaid, to-wit, all of the interest of the said William M. Phillips as heir and distributee of Wm. S. Phillips, deceased;" but there was no particular description of the land intended to be conveyed. The children of Wm. S. Phillips then owned, as heirs, only one tract of land in Perry, which contained 320 acres, and on which said Wm. M. Phillips then resided; and one-half of that tract is the land here sued for. But they owned other lands in Dallas county, which had descended to them from their father; and another tract in Perry county, which they had inherited from their deceased mother. In September, 1876, a bill in equity was filed asking a partition of all these lands among them; and under the decree of partition rendered in that cause, July 2d, 1877, the 160-acre tract here sued for was allotted to Wm. M. Phillips in severalty, as his interest in all the lands.

In March, 1882, default having been made in the payment of the mortgage debt, said tract of land was sold under the power contained in the mortgage, Howze himself becoming the purchaser, through one Mason as the nominal purchaser, at the amount claimed to be due on the mortgage debt; and he at once took possession. In July, 1882, the land was sold for the unpaid taxes due for the year 1881, amounting to $18.65, and Howze became the purchaser; and he received a deed as such purchaser, from the probate judge, on March 24th, 1877, after the commencement of this suit. Notice of this sale for taxes was duly served on Howze, but not on the plaintiff. The defendant claimed the land under his mortgage, and also under his purchase at the sale for taxes. The only plea was the general issue.

The defendant Howze having testified as to his possession from March, 1882, up to the trial, and the rents which he had received, the plaintiff cross-examined him "as to his accounts

'[Howze v. Dew.]

with Wm. M. Phillips during the years 1874, 1875, &c., for the purpose of showing that said mortgage debt was paid in full at the time of the sale of said land under said mortgage;" but the answers of the witness, in reference to these matters, are not stated intelligibly. "Defendant objected to any of said evidence tending to show that said mortgage debt was paid; which objection the court overruled, and defendant excepted."

On this evidence, the court charged the jury, among other things, as follows : (1.) "The first inquiry the jury must make in this case is, whether anything was due to said Howze on said mortgage from W. M. Phillips, at the time of the sale of said land by Howze." (2.) "It is the duty of the court to construe the mortgage in this case; by it said Phillips conveyed all his interest as heir and distributee of Wm. S. Phillips lying and being in Perry county, which the testimony shows was a one-seventh interest in a tract 'of land containing 320 acres; that said mortgage conveyed one-seventh interest in said 320 acres, or two-sevenths interest in the 160 acres afterwards set apart to him; and that the plaintiff in this cause is entitled to recover an undivided five-sevenths interest in said 160 acres."

The defendant excepted to each of these charges, and also to the refusal of the following charges, which were asked by him in writing: (1.) "If the jury believe all the evidence, they must find for the defendant." (2.) "If the jury believe all the evidence relating to the tax deed, they must find for the defendant." (3.) "The decree of the Probate Court, ordering a sale of the land for taxes, is conclusive; the tax deed under it passes the title to the purchaser, and said decree and deed can not be collaterally attacked." (4.) "The mortgage executed by Wm. M. Phillips conveyed his one-seventh interest in the real estate of Wm. S. Phillips, deceased."

The rulings on evidence, the charges given, and the refusal of the charges asked, are here assigned as error.

WATTS & SON, for appellant.

TAYLOE & JOHNSTON, contra.

McCLELLAN, J.—Wm. S. Phillips died in 1872, owning sundry parcels of land in Dallas county, and one tract of three hundred and twenty acres situated in Perry county. He left surviving him seven children, to whom all of his lands in both counties descended as tenants in common. William M. Phillips, one of the co-tenants, while residing on the Perry county tract of land, on January 20, 1874, executed a mortgage to appellant Howze, the granting clause of which, so far as it concerns the property involved here, is in the following language:

"We do hereby grant, bargain, sell and convey to the said John Howze, the following personal property, to-wit: . . . . also, the following real estate lying in the county of·Perry and State aforesaid, to-wit, all of the interest of the said Wm. M. Phillips, as heir and distributee of Wm. S. Phillips, deceased." This conveyance contains only the following express covenant: "And the said Wm. M. Phillips hereby declares, that the above conveyed property is his own, and that there is no lien or incumbrance upon the same, except" a certain mortgage conveying a part of the personalty.

About September, 1876, a bill was filed in the Chancery Court of Dallas, by some of the tenants in common, against Wm. M. Phillips and the other co-tenants, for partition among them of all the lands which they held as heirs of Wm. S. Phillips in both counties, and also for partition of a parcel of land lying in Perry county, containing three hundred and twenty acres, which had descended to them from their mother, Louisa J. Phillips. ·The final decree in that cause, rendered July 2, 1877, allotted to Wm. M. Phillips, as his one-seventh share of all the lands in both counties, and descending from both ancestors, one hundred and sixty acres of the three hundred and twenty acres in Perry county, which had belonged to Wm. S. Phillips. Wm. M. Phillips devised this land to his wife, Amanda C. (now Amanda C. Dew), and departed this life in ·October, 1881. His will was duly probated. The appellant Howze, default having been made in the payment of the debt ·secured by the mortgage, sold the land thus allotted to Wm. M. Phillips, under the power contained in the instrument, in March, 1882, and himself became the purchaser. He entered into possession on the day of sale, and has since held it. This ·suit is by Mrs. Dew, formerly Amanda C. Phillips, claiming under the will of her first husband, for the recovery of possession of the land, and damages for its detention.

One of the prominent questions presented by the exceptions reserved on the trial, involves the construction of the mortgage in respect to the quantity of land conveyed by it. The evidence is without conflict, that, at the time of executing the instrument, the mortgagor, as an heir of Wm. S. Phillips, deceased, ·owned an undivided one-seventh interest in each of the several parcels of land lying in Dallas county, and in one tract of three hundred and twenty acres situated in Perry county; and that he was seized of no other or greater estate or interest in any ·one of said parcels. He thus held· an undivided one-seventh interest, in common with his brothers and sisters, in a house and lot in the city of Selma, a like interest in a plantation lying on the Cahaba river in Dallas county, and the same

interest and estate, and no more, in the tract of three hundred and twenty acres lying in Perry county. There is no controversy, but that it was competent for Wm. M. Phillips to have conveyed his entire interest in these lands, or that, had he done so, his grantee would have taken, upon partition, whatever was allotted to him in severalty, whether lying in the one or the other county. It is equally clear in principle, and on authority, that a conveyance by Phillips, of his undivided interest in any one of the separate parcels, would have constituted his grantee a tenant in common with the holders of the other undivided interests, and entitled him, on partition, to have allotted to him in severalty one seventh of that parcel.—Freeman on Cotenancy & Par. § 208; *Butler v. Rays,* 25 Mich. 53; *Prim v. Walker,* 38 Mo. 98; *Markol v. Wakeman,* 107 Ill. 262.

It may be, too, that had Phillips undertaken to convey the tract in Perry county as an entirety, his deed would have been allowed to operate primarily so as to pass a one-seventh interest to his grantee, and on partition, if his allotment in severalty was carved out of this tract, the title he acquired thereto would enure to the benefit of his grantee, and vest the fee in the latter. This result is denied by some authorities, which hold such a deed absolutely void, though the weight of adjudication, and the better reason, support the proposition, that such a conveyance should be accorded full force and effect as against any interest the grantor has, or subsequently acquires in the land.—Freeman Co-tenancy & Par. §§ 199 *et seq.; White v. Sayre,* 2 Ohio, 112; *Robinett v. Preston,* 2 Rob. Va. 278: *Gates v. Salmon,* 35 Cal. 588; *Stark v. Barrett,* 15 Cal. 370; *Barnhart v. Campbell,* 50 Mo. 599.

It is manifest that the mortgage executed by appellee's devisor, and under which the appellants claim title to the whole allotment made to him out of his father's lands, is neither a conveyance of the mortgagor's interest in all the lands of his ancestor, for it is in terms confined to "real estate lying in Perry county," nor of the entirety in the lands so situated, for it conveys only "all the interest of the said Wm. M. Phillips, as heir and distributee of Wm. S. Phillips, deceased," therein. Giving to these limitations the effect which their terms naturally and reasonably enforce, there remains but one possible field of operation for the granting clause of the conveyance. It passes, not one seventh of all the lands, the effect of which, upon division, would be to vest in the mortgagee title in severalty to whatever part falls to Wm. M. Phillips; and not the entirety of the Perry county lands, which would operate to vest any part of that tract, which is allotted to the mortgagor, in the mortgagee; but the interest of one of seven

[Howze v. Dew.]

heirs in the tract of three hundred and twenty acres lying in Perry county, and that interest alone became vested in the mortgagee, as a tenant in common with the other co-tenants. Wm. M. Phillips still owned and held, wholly unaffected by the mortgage, an undivided one-seventh interest in each of the parcels lying in Dallas county.— *Williams College v. Mallett,* 12 Me. 298; *Randall v. Mallett,* 14 Me. 51.

The grant was not enlarged or extended by the subsequent partition and allotment to Wm. M. Phillips, of more than one-seventh of the Perry county land, in consideration, so to speak, for his surrender of his interest in the Dallas county lands. If he had exchanged other property, lying in Dallas county or elsewhere—property which did not come to him through his father—for the excess over the one-seventh in the Perry lands, it would scarcely be insisted that the land thus coming to him by exchange or purchase would pass under the mortgage. And his interest in the Dallas lands was palpably as foreign to his conveyance to Howze, as wholly excluded from its terms, as such other property would have been. The excess over his aliquot share allotted to him in the Perry lands was, therefore, not only not embraced in his grant to Howze, but it was not vested in him by way of substitution for any land or interest in land which was so embraced.

Nor do we conceive that any different result will flow from an invocation of the principles of warranty. It may be conceded, indeed, we entertain no doubt, that the mortgage contains, or imports, a covenant of warranty. Our statute attaches to its language, "grant, bargain, sell and convey," *prima facie* the force and effect of a general warranty; and there is nothing in the instrument inconsistent with, or repugnant to the meaning which the statute thus gives them.—Code, § 1839. But we do not understand that the office of a warranty can ever be to extend a grant to lands not embraced in its terms. Its office, in cases like this, is to perfect the grantee's title to the land embraced in the conveyance, by drawing to him any title which the grantor subsequently acquires to that particular land, and not to vest in the grantee title to lands not covered by the conveyance. Its precise effect here was, to vest in Howze the title which Phillips acquired by the decree of partition in one-seventh of the three hundred and twenty acre tract lying in Perry county, which, before partition, had been held by Phillips as co-tenant with his brothers and sisters, and not to extend this title to the whole allotment made to the mortgagor.—*Nolen v. Gwyn,* 16 Ala. 725; *Carter v. Chaudron,* 21 Ala. 72; *Loomis v. Riley,* 24 Ill. 307; *Williams College v. Mallett,* 12 Me. 298; *Randall v. Mallet,* 14 Me. 51.

[Howze v. Dew.]

The court below construed the mortgage in consonance with these principles, and its rulings in this regard are free from error.

If the sale and purchase by the mortgagee be treated as a valid foreclosure of the mortgage, vesting in the purchaser the land conveyed, as perhaps it should be when reference is had to the doctrine of ratification by the devisee of the mortgagor, its effect was to make appellant Howze and appellee tenants in common of the tract of land sold. It is one of the well settled general principles pertaining to this relation, that notice to one co-tenant, of facts affecting the common property, is not notice to the other or others, and the latters' estate will in no way be prejudiced, nor the assertion of their rights precluded thereby.—Freeman Co-tenancy & Partition, § § 173 *et seq.* This principle is applicable to notices required by statute to be given to the owners of land, of proceedings to subject it to sale for the payment of taxes, and a sale made without such notice to all of the co-tenants is void.—*Thurston v. Miller,* 10 R. I. 358.

Under the statute in force at the time of the tax sale relied on in this case, notice of the proceeding in the Probate Court, to condemn land to sale for the payment of taxes, was required to be served on the owner. Without such notice, the court acquired no jurisdiction; and its judgment of condemnation and consequent sale was void. The proof in this case was clear, that this notice was not served on Mrs. Dew, one of the co-tenants in this land; and no title, at least as against her, passed by the sale to the appellant.—*Riddle v. Messer,* 84 Ala. 236.

Whether, even had the proceedings in the Probate Court been in all respects regular, and its decree valid, one tenant in common, under the facts of this case, should be allowed to set up against his co-tenant the title he acquired through the tax sale, otherwise than as a basis for contribution to the amount thus paid for the common benefit, is open to grave doubt, which the exigencies of this appeal do not require us to decide.— *Vanhorn v. Fonda,* 5 Johns. (Ch.) 388; *Brown v. Hoyle,* 30 Ill. 119; *Picot v. Page,* 26 Mo. 398; *Wright v. Sperry,* 21 Wis. 331; *Matthews v. Bliss,* 22 Pick. 48.

On the other hand, if the fact that the mortgagee became the purchaser at his own sale under the mortgage be considered to have defeated foreclosure—as doubtless it would, in the absence of ratification—it was still a mortgage as to him, at the time of the tax sale; and he, being in possession under it, could not acquire a tax title which would be good against the mortgagor, or his devisee.—*Seats v. Johnson,* 70 Ala. 108;

[Louisville & Nashville R. R. Co. v. Webb.]

*Bailey v. Campbell,* 82 Ala. 342; *Blake v. Howe,* 15 Amer. Dec. 684. So that it is, we think, clear from any point of view, that the tax sale passed no title to the appellant Howze, which can be relied on to defeat appellee's recovery.

The only other exceptions insisted on by the appellants go to the correctness of the Circuit Court's rulings on the issue, whether the debt secured by the mortgage had been paid at the time of the sale under it. The jury, in confining plaintiff's recovery to five-sevenths of the land sued for, must, of necessity, have found this issue in favor of the defendants, as, otherwise, it would have been their duty, under the charges which the court gave, to have returned a verdict for the entire tract. It is manifest, therefore, that if the court committed error in its rulings on this inquiry, they were lacking in that element of injury to the appellants, without which error is never available to reverse.—*Thomason v. Gray,* 82 Ala. 291; *Eufaula v. Simmons,* 86 Ala. 515; *Campbell v. Lunsford,* 83 Ala. 512.

The judgment of the Circuit Court is affirmed.