[No. 385.  Decided June 7, 1892.]

ANDREW J. PORT, *Respondent*, v. JOHN PARFIT, HATTIE
PARFIT AND EDWARD PARFIT, *Appellants*.

JUDGMENT—FAILURE TO PLEAD—MORTGAGE—PARTITION OF UNDIVIDED
INTEREST—LIEN—APPEAL.

Where an answer is filed which does not controvert the material
allegations of the complaint, the plaintiff is entitled to a judgment
for failure to answer, although the plaintiff may have filed a reply to
the defective answer.

Where a mortgage has been given upon the mortgagor's undivided
interest in certain land, upon the subsequent partition of such land,
either by decree of court or by the voluntary interchange of deeds
between the co-tenants, the lien of the mortgage attaches to the share
assigned the mortgagor in lieu of his undivided third interest.

No appeal will lie from a judgment by default entered by consent of
the defendant.

*Appeal from Superior Court, King County.*

Action by Andrew J. Port for foreclosure of mortgage
against John, Hattie and Edward Parfit, Isaac M. Dunn,
George D. Corbin, Irving H. and Carrie E. Vail.  Judg-
ment for plaintiff, and the defendants Parfit appeal.

*Garrett & Corliss*, for appellants.

*Lewis & Humphrey*, for respondent.

The opinion of the court was delivered by

ANDERS, C. J.—On the 28th day of May, 1890, at
Seattle, Washington, appellants, Edward Parfit and John
Parfit, made and delivered to Isaac M. Dunn and George
D. Corbin their promissory note for $1,136, due six
months from date, with interest at the rate of ten per cent.
per annum from date until paid, which note contained a
stipulation for the payment of fifty dollars as attorney fees
in case of suit.  To secure the payment of this note the

said Edward and John Parfit, together with Hattie Parfit, wife of the said John Parfit, on the same day duly executed and delivered to said Dunn and Corbin a mortgage on an undivided one-third part of certain lands described in the complaint herein. Thereafter and on June 12, 1890, the said note and mortgage and the moneys due and to become due thereon, and secured thereby were, by an instrument in writing duly assigned by the said Dunn and Corbin, to the respondent, Andrew J. Port. Both the mortgage and the assignment were duly recorded in the office of the county auditor of King county, in which the premises therein described are situated. The note and mortgage not having been paid according to the terms and conditions therein specified, the respondent Port brought this action to foreclose the mortgage, and subject the mortgaged premises to the payment of the amount due.

It is alleged in the complaint, and not denied in the answer, that on or about the 11th day of July, 1890, the defendants, Irving H. Vail and Carrie E. Vail, his wife, being the owners of the remaining two-thirds of said described lands, and the said Edward Parfit and John Parfit and Hattie L. Parfit, his wife, being the owners of the third so mortgaged by them, made partition of said described premises, whereby the north two-thirds of said described lands was set off and awarded to said Vails, as and for their share therein, and the south one-third of said described lands was set off and awarded to said Parfits, as and for their share therein, and they executed and delivered, each to the other, deeds for their respective specific shares as agreed upon between said parties thereto. The complaint also contains the further allegation that plaintiff, believing said partition and division to be fair, equitable and just, is willing and hereby consents to hold and retain his mortgage and lien thereof upon the south one-third of said described property, subject to the ratification and con-

firmation of the court in this action, and also a demand for judgment that the said undivided one-third, or in lieu thereof, the south one-third of said premises be sold, and the proceeds applied to the payment of the amount due on the note and mortgage, the attorney fee stipulated for, and costs.

The defendants, Irving H. and Carrie E. Vail, by their answer, admit each and every allegation of the complaint, and allege that at the time of the partition of the premises it was agreed between them and the Parfits that the mortgage held by Port should, as between the parties to the partition, be transferred to the south third of said described tract, and that the north two-thirds should be free from the lien of the mortgage, and demanded judgment that the whole of said mortgage be transferred to and foreclosed on the south third belonging to said Parfit instead of the undivided one-third of the whole tract.

A default was entered against Corbin; and Hattie Parfit by stipulation withdrew her answer, and, by consent, a default was also entered against her. The defendant Dunn in his answer waived all right to redeem the premises mentioned in the complaint, and disclaimed all right, title and interest in and to said Parfit note and mortgage. The defendants John and Edward Parfit answered separately, but did not deny, or attempt to deny, any material allegation of the complaint, nor state any new matter constituting a defense or counterclaim, as required by statute. The only statement in their answer bearing any semblance to a defense is an averment that they are not willing and do not consent that the plaintiff should retain his said mortgage and the lien thereof upon any greater interest in the south one-third of the land described in said complaint than upon the undivided one-third interest in said south one-third of said land. That allegation may be deemed a protest against what the defendants may have considered a

probable or possible conclusion of the court, but can hardly be considered as controverting any averment of the complaint. It was therefore no defense to the action, and might well have been disregarded by the plaintiff. The plaintiff, however, filed a reply in which he alleged that the defendants, John, Hattie and E. Parfit, on December 17, 1890, requested him in writing to hold said mortgage on the south one-third of the premises described in said mortgage, and to release the apparent lien thereof upon the north two-thirds thereof; that said defendants are estopped by said partition, and the said request to plaintiff, from denying the same, and that it is for the best interest of all the parties to this action that the decription of the land described in said mortgage be corrected so as to read the south third, instead of the undivided one-third, of said lands, and that the south third of said lands be decreed to be sold in this action. A motion to strike out the reply as sham, frivolous and irrelevant was made and overruled, after which the plaintiff moved the court for judgment on the pleadings. This motion was sustained. A motion for a new trial was overruled, and judgment was entered for plaintiff in accordance with the prayer of the complaint, and the last above named defendants appealed.

It is objected on the part of appellants: *First,* That a motion for judgment on the pleadings by the plaintiff is unauthorized where there is an answer and a reply, and that such motion, if at all permissible, cannot prevail when there is any material fact traversed by the answer or new matter alleged in the reply; *second,* that it was error on the part of the court to decree a sale of the whole of the south one-third of the land described in the mortgage, and now owned by appellants, instead of the one undivided one-third part thereof; and, *third,* that the court further erred in rendering judgment against Hattie Parfit for any deficiency remaining after applying the proceeds of the mortgaged property in payment of the amount due plaintiff.

That a motion by the plaintiff for judgment on the pleadings is unauthorized where there is an issue of fact tendered cannot well be denied. In fact, strictly speaking, our statute makes no provision whatever for such a motion by the plaintiff in any case. The defendant may move for judgment if the answer contain a statement of new matter constituting a defense or counterclaim, and the plaintiff fail to reply or demur thereto within the time prescribed by law. Code Proc. § 200. But if the defendant fail to plead, or, which is the same thing, if he files an answer which does not controvert the material allegations of the complaint, and which tenders no issue requiring proof, then the plaintiff is entitled to judgment. It is not technically a judgment on the pleadings, though often called such, but a judgment authorized by the code on failure to answer. See Code Proc., § 412. In this case, as we have already said, the answer amounted to nothing because it controverted no fact alleged in the complaint. And that being so, the reply was also a nullity. Such being the condition of the pleadings, the plaintiff moved the court for the relief demanded in the complaint, which was granted, and we perceive no error in the ruling of the court in that regard. The court could not have done otherwise than it did without disregarding the plain provisions of the statute.

Appellants' second objection raises the question as to the effect of the partition of the land upon the lien of respondent's mortgage. It is claimed by appellants that the court had no right to adjudge the mortgage to be a lien upon the whole of the land set off to them by the interchange of deeds with their co-tenant, even with the consent of the mortgagee. On the contrary, the respondent contends that the lien followed the partition and attached to the whole of the tract which was taken in lieu of the undivided one-third. If the partition had been effected through the instrumentality of the court instead of voluntarily by the

parties themselves, there could be no question as to the *status* of the mortgage, for the statute provides in such cases, that when the lien is upon an undivided interest or estate of any of the parties, such lien, if a partition be made, is thenceforth a lien only on the share assigned to such party. Code 1881, § 554. It must certainly be true that the parties had a perfect right to do of their own volition what the court would have done on the petition of either; and it is difficut to see why the result should not be the same in the one case as it is in the other. Appellants voluntarily consented to pledge their interest in the entire tract of land for the payment of their debt. That interest was then, as we may say, ambulatory in character. Now it is fixed and certain, but it is still the same interest, and should, in our opinion, be held subject to the same burden. No part of Vail's undivided interest in the land was embraced in respondent's mortgage, and we know of no rule of law or principle of justice which requires his segregated interest to be subjected to the payment of appellant's indebtedness. We, therefore, conclude that when the land described in the complaint was partitioned between the co-tenants, respondent's mortgage at once attached to and became a lien only on the share assigned to appellant; and the court committed no error in so ruling. This is a new question before this court, but the view we take of it is not unsupported by authority. See *Jackson v. Pierce*, 10 Johns. 414; *Bradley v. Fuller*, 23 Pick. 1; *Williams College v. Mallett*. 12 Me. 398; *Staples v. Bradley*, 23 Conn. 167 (60 Am. Dec. 630); *Manly v. Pettee*, 38 Ill. 128.

This brings us to the consideration of the third objection of appellants, that it was error to enter a personal judgment against Hattie Parfit. Whether the judgment was warranted by the complaint is not altogether clear; but if it was not, we do not think she is in a position to demand relief at the hands of this court. She voluntarily suffered

judgment to be entered against her by default, and from such judgment for manifest reasons a direct appeal will not lie. See *Dorr v. Birge*, 8 Barb. 351; *Colden v. Knicker-backer*, 2 Cow. 31; *Kane v. Whittick*, 8 Wend. 219; Elliott's Appellate Proceedings, § 334. If the judgment was irregular, or erroneous, she should have applied to the trial court by motion to have her default vacated, and the judgment set aside or corrected. She cannot be heard to object in this court, to that which the record shows she assented to in the court below.

We perceive no error in the record, and the judgment of the court below is therefore affirmed.

SCOTT, HOYT and STILES, JJ., concur.

DUNBAR, J., dissents.